CORA VAN DEUSEN, as Administratrix, etc., of WILLIAM VAN DEUSEN, Deceased, Appellant, *v.* THE RUHTZ-PIKE ENGINEERING AND CONSTRUCTION CORPORATION, Respondent.

Third Department, May 5, 1933.

*Sharon J. Mauhs* and *Michael D. Reilly*, for the appellant.

*Borst & Smith* [*George B. Smith* of counsel], for the respondent.

CRAPSER, J.   Huber Bros., Inc., had hired from this defendant, The Ruhtz-Pike Engineering and Construction Corporation, a caterpillar gasoline shovel and operator, to dig and remove certain rock in connection with its general contract.   Its agreement was that it was to pay this defendant forty dollars per day for the use of the shovel and operator, plus gas and oil and plus a man to do the oiling.

The intestate, William Van Deusen, was an employee of the general contractor, Huber Bros., Inc.   He had been hired at nine-thirty in the morning of January 25, 1932, the day upon which the accident happened.   He was hired to break rock in front of the shovel.   Another employee of the general contractor, Marvin Churchill, worked on the other end of the shovel, cleaning up around the trucks.   The shovel was being used to load rock into two trucks which drew it away.

The operator would load his bucket, swing to the left, dump the rock into the truck and then swing back for another load.   The operator was seated on the right hand of the shovel and the cab of the shovel was closed in except for a door to the right of the operator and a window in front of him.

The shovel worked all of the morning, sometimes having to wait for the trucks, and the intestate worked all of the morning.

The accident happened after the noon hour.   The intestate was crushed between the left rear corner of the cab of the shovel and a rock which stood alongside of the shovel, and died from the result of his injuries.

The question in the case is whose servant was the operator of the shovel at the time the accident occurred which resulted in the death of the intestate.

It is well settled that one who is the general servant of another may be loaned or hired by his master to another for some special service so as to become, as to that service, the servant of such third person, the test being whether, in the particular service which he is engaged to perform, he continues liable to the direction and control of his master or becomes subject to that of the person to whom he is loaned or hired.

The general contractor had hired the machine and the man; he directed his work; he directed him where to dig and when to dig and the manner of the disposal of the material excavated.

There is no proof in the record that the shovel was operated in a negligent manner.   The accident occurred because of the failure

to give warning to the intestate or the failure of the intestate to continue working where he had been hired to work.

This is not a case where this defendant, the owner of the gasoline shovel, entered into a contract to do work for the general contractor as an independent contractor, but instead the general contractor hired the shovel and the servant to do the work for it and the operator became for the time being the servant of the general contractor which was liable for his negligence. (*Hartell* v. *Simonson & Son Co.*, 218 N. Y. 345; *Standard Oil Co.* v. *Anderson*, 212 U. S. 215; 29 Sup. Ct. 252; *Denton* v. *Yazoo & M. V. R. R. Co.*, 284 U. S. 305, 308; 52 Sup. Ct. 141; *Wyllie* v. *Palmer*, 137 N. Y. 248; *Sexton* v. *New York Central & Hudson River R. R. Co.*, 114 App. Div. 680; *Higgins* v. *Western Union Telegraph Co.*, 156 N. Y. 75, 78.)

The operator of the shovel, while working for the general contractor, rested under the general duty imposed upon all men to abstain from injuring another intentionally or carelessly.

The intestate, at the time of the accident, was at a point where he was concealed from the operator of the shovel, and there was nothing to suggest to the operator of the shovel that the intestate had taken a position that would place him in danger when the shovel went on with its regular work.

The defendant had not violated any general duty imposed upon it which resulted in the death of the deceased. If a duty to warn rested upon any one it was the general contractor, Huber Bros., Inc. As far as the work that the operator of the shovel was doing at the time of the accident, he was the servant of the general contractor and, therefore, it became the duty of the general contractor to give notice to the deceased, if any was required. (*McInerney* v. *Delaware & Hudson Canal Co.*, 151 N. Y. 411.)

It seems clear from the foregoing authorities that the defendant cannot be held liable on the admitted facts of this case. After giving to the plaintiff the benefit of every .presumption to which she is entitled under the record as it stands she was not entitled to recover against the defendant in question.

The order and judgment appealed from granting the defendant's motion to set aside the verdict and for the dismissal of the complaint should be affirmed, with costs, and the motion made by the plaintiff to set aside the verdict on the ground that the damages are inadequate should be affirmed.

HILL, P. J., and HEFFERNAN, J., concur; RHODES and BLISS, JJ., dissent and vote to reverse judgment and orders and to reinstate verdict.

Judgment and orders affirmed, with costs.