JEAN KENNER, Appellant, v. SOLOMON KENNER, Respondent.— Order confirming official referee's report and denying plaintiff's application for a modification of a final judgment of divorce by way of an increase in the amount of alimony as fixed therein reversed on the facts, without costs, and motion granted, without costs, to the extent of increasing the amount of alimony to thirty-five dollars a week, to commence from the time of the entry and service of the order. After making allowance for all proper deductions, we are of opinion that the defendant's average earnings total seventy-five dollars a week and, particularly in view of the expense of special treatment and care required by the child of the marriage, other than braces purchased by defendant, the sum of thirty-five dollars a week by way of alimony is reasonable. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

CONRAD KROEMER, JR., Respondent, v. THE CITY OF NEW YORK, Appellant.— In an action brought to recover interest, costs and disbursements upon the cancellation of a transfer of tax lien by the appellant, judgment in favor of the plaintiff for said interest, costs and disbursements modified by reducing said judgment to the sum of $826.33, with interest from March 20, 1932, and costs of the trial, and as so modified unanimously affirmed, without costs. We are of opinion that plaintiff, pursuant to the provisions of section 1043 of the Greater New York Charter, is entitled to interest from the date he purchased the transfer of tax lien. The taxed costs referred to in said section refer to costs taxed against a plaintiff upon an adjudication that the transfer of tax lien is invalid or defective. In such a case, the city must reimburse the unsuccessful plaintiff taxed with costs. Such a situation is not presented by the present case. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

SOLOMON LEVENSTEIN, Trustee of the Estate of N. LEROY ROOT, Bankrupt, Respondent, v. JOHN E. MUHLFELD, Appellant.— Order of the County Court of Westchester county in so far as it grants a motion to strike out certain paragraphs of the answer, pursuant to rules 103 and 104 of the Rules of Civil Practice, modified by denying the motion with respect to paragraphs ninth, tenth, eleventh and fifteenth, and as so modified affirmed, without costs, with leave to defendant to serve an amended answer within ten days from the entry of the order herein. These paragraphs embrace a separate defense alleging merger of a cause of action based upon a promissory note brought in a foreign jurisdiction, and the defense seems to be good from the very nature of the complaint itself and the relief sought therein. (*Gray* v. *Richmond Bicycle Co.*, 167 N. Y. 348.) We are of opinion that a determination as to the partial defense depends upon the facts and that it should not be struck out summarily. If it appears on the trial that the second cause of action relates to the same matter that was the subject of the Connecticut judgment, then these defenses are of no moment, since all litigated questions have been closed by that judgment. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.