DOROTHY GERBER, Respondent, *v.* SEAICH REALTY COMPANY, Appellant, and ABRAHAM T. GOLDBERG and JOSEPH R. SILVERMAN, Copartners Doing Business under the Name of PIEDMONT UNDERGARMENT Co., Impleaded Defendants, Appellants.

First Department, May 31, 1940.

*O. A. Thompson* of counsel [*E. C. Sherwood*, attorney], for the appellant Seaich Realty Company.

*Louis A. Stone* of counsel [*Joseph M. Stone* with him on the brief; *Louis A. Stone*, attorney], for the appellants Abraham T. Goldberg and Joseph R. Silverman.

*Emanuel Katz* of counsel [*Powsner, Katz & Polinsky*, attorneys], for the respondent.

CALLAHAN, J. On November 12, 1932, the plaintiff (then known as Dorothy Mirsky), while employed in a factory on the eighth floor of premises 38 East Thirty-second street, New York city, received personal injuries caused by the falling of a window which she had opened.

The building in which the factory was located was owned by Seaich Realty Company (hereinafter referred to as "appellant-owner"). Appellants Goldberg and Silverman, copartners, doing business under the name of Piedmont Undergarment Co. (hereinafter called "appellants-tenants"), were operating a factory in the eighth floor loft when the accident occurred. They were the lessees of said loft from appellant-owner and were the employers of plaintiff.

Plaintiff contends that the proximate cause of the accident was the failure to repair a chain which, if in proper condition, would have held the window in place when opened. Asserting that this lack of repair constituted a breach of duty on the part of the appellant-owner, plaintiff brought this action against said appellant-owner, who thereupon impleaded the appellants-tenants. This court held that the order of interpleader was properly granted. (*Mirsky* v. *Seaich Realty Company,* 256 App. Div. 658.) Since our prior decision, a trial of the action has been had, resulting in a judgment based on a jury's verdict for plaintiff. The present appeal has been taken from said judgment.

When the jury found a verdict for plaintiff against appellant-owner, the trial court directed a judgment in favor of the appellant-owner against the appellants-tenants, on the ground that, under the terms of the lease between said parties, the appellants-tenants had agreed to indemnify the appellant-owner against liability for accidents of the nature involved herein.

The finding of negligence on the part of the appellant-owner rests solely on the ground that it was guilty of a breach of duty imposed by section 290 of the Labor Law, and rules 169 and 198 of the Industrial Code.

We deem that the judgment is erroneous in that, as a matter of law, there is no liability on the part of appellant-owner for the alleged lack of repair which is the basis of this suit.

Section 290 of the Labor Law relates, among other things, to the safety of factory premises, and directs that every part thereof shall at all times be kept in proper repair. While the section fails to designate the persons required to make such repairs, section 316 of the Labor Law contains provisions enumerating the persons who are to be held responsible for compliance with the various provisions of that law relating to factory premises.

Sections 27 to 29 of the Labor Law authorize the Board of Standards and Appeals to make rules for the purpose, among others, of guarding against injuries to persons employed in factories. The sections provide that such rules are to have the force and effect of law. Pursuant to this authority, the Board of Standards and Appeals adopted rules known as the Industrial Code. One of these rules (rule 169) provides that all parts of factory premises enumerated in former section 84 (now section 290) of the Labor Law shall be kept in good repair. Another of these rules (rule 198) is entitled " responsibility of owner and tenant." It provides that both the owner and the tenant are to be held responsible for compliance with rule 169. These rules, therefore, might well be construed to place liability for failure to make the repairs directed by section 290 of the Labor Law upon both owner and tenant. The question presented is whether such rules are in conflict with section 316 of the Labor Law, in attempting to make the owner of the building, as well as the tenant, responsible for a failure to comply with section 290 of the Labor Law.

While it is clear that it was the intention of the Legislature, in conferring the rule-making power on the Board of Standards and Appeals, to permit such Board to provide safeguards for factory employees, in addition to those specified in the statute, we find that there was no legislative intention to give to the Board power to alter or amend any express statutory provision designating the persons who are to comply with a statutory duty. Therefore, we must inquire as to whether section 316 contained any such designation. A reading of that section shows that it contains a comprehensive scheme placing responsibility either upon the owner, or the tenant, or both of them, for observance of various sections of the Labor Law relating to factories. Subdivision 1 of the

section states that, except as otherwise provided in the Labor Law, the person operating a factory shall be responsible for the observance of the provisions of the law relating thereto. Subdivision 2 of the same section enumerates certain sections of the Labor Law as to observance of which the owner of a factory building is made liable. It also sets forth other sections with which the tenant, as well as the owner, is required to comply. Further, it casts on the owner the requirement of repairing those parts of the building that are used in common by more than one occupant.

It is conceded that the condition complained of herein was on the inside of the window and, thus, within the leased premises. It was not a part of the common ways of the building.

The language of section 316 indicates that in the specified instances liability is placed on one " instead " of the other of the two classes of persons mentioned. (See *Goetz* v. *Duffy*, 215 N. Y. 53.) This division of responsibility is undoubtedly due to some extent to the opportunity afforded to one and not to the other person designated to perform the acts commanded. The section provides that the owner may have access to leased premises for the purpose of complying with the obligations cast on such owner by section 316. No such right of access is provided for any additional obligation that might be imposed under rules adopted by the Board of Standards and Appeals.

No reference to section 290 is found in subdivision 2 of section 316. It is plain, therefore, that under the express provisions of subdivision 1 of section 316, the duty of complying with section 290 was cast solely upon the person operating the factory. This legislative mandate is as clearly provided as if section 290 were enumerated in subdivision 1. The Legislature having shown its intention to place a specified burden solely on the operator, the rule-making body might not, in addition, impose such liability on the owner. In attempting to do so, the rule-making body does not merely provide an additional safeguard for employees. It attempts to alter the law by changing the legislative provisions enumerating the persons who are required to comply with specific statutory duties. The statute must prevail under such circumstances. (*Schumer* v. *Caplin*, 241 N. Y. 346.)

As plaintiff's right to recover rested solely on the alleged violation of a statutory duty, which duty, as we have pointed out, does not exist, it follows that the judgment in plaintiff's favor is unwarranted in law.

The judgment in plaintiff's favor against the Seaich Realty Company should be reversed, and the complaint dismissed, with costs to said appellant against plaintiff-respondent.

The judgment in favor of Seaich Realty Company against Abraham T. Goldberg and Joseph R. Silverman, copartners doing business under the name of Piedmont Undergarment Co., should be reversed, and the cross-complaint dismissed, without costs.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Judgment appealed from in plaintiff's favor against the Seaich Realty Company unanimously reversed and the complaint dismissed, with costs to said appellant against the plaintiff-respondent. Judgment in favor of Seaich Realty Company against Abraham T. Goldberg and Joseph R. Silverman, copartners, etc., unanimously reversed and the cross-complaint dismissed, without costs.