WALTER SZCZEPKOWICZ, Appellant, *v.* KHELSHEK REALTY CORP.. Defendant-Respondent and Third-Party Plaintiff-Appellant. CAESAR BONIS et al., Doing Business as BONIS BROS. FUR MACHINERY Co., Third-Party Defendants-Respondents.

First Department, July 1, 1952.

*John F. X. Finn* of counsel (*Norman C. Mendes* with him on the brief; *Rudser & Mulligan,* attorneys), for defendant-respondent and third-party plaintiff-appellant.

*Benjamin H. Siff* of counsel (*Julius H. Turetsky,* attorney), for appellant.

*Albert L. Kleigman* of counsel (*William H. Stieglitz* and *Harry Schechter* with him on the brief; *Bernard Katzen,* attorney), for third-party defendants-respondents.

VAN VOORHIS, J. The verdict of $15,000 was excessive, but we think that the complaint should not have been dismissed for failure to make out a cause of action. There was sufficient evidence to sustain a recovery under sections 295 and 316 of the Labor Law. Accordingly, the judgment, insofar as plaintiff has appealed therefrom, should be reversed and a new trial ordered with costs to plaintiff-appellant to abide the event, unless plaintiff stipulates to accept a reduction of the verdict to the sum of $3,500 with interest and costs, in which event plaintiff's judgment, as so modified, should be affirmed, without costs of this appeal.

The cause of action of the third-party plaintiff ought not to be dismissed against the third-party defendants. If the injured plaintiff recovers judgment against the defendant owner of the building, the latter is entitled to its day in court against the tenants who had exclusive possession and control of the part of the building where the accident happened. By reason of the tenants' possession and control, there was no common-law obligation upon the owner of the building to repair the door of the toilet which fell and struck plaintiff, who was one of tenants' employees (*Cullings* v. *Goetz,* 256 N. Y. 287, cited with approval in *Muscelli* v. *Starr Contr. Co.,* 296 N. Y. 330, 334; *Jaffe* v. *Harteau,* 56 N. Y. 398). This injury did not occur on a common stairway or other part of a building maintained by a landlord for the benefit of several tenants in common (*Dollard* v. *Roberts,* 130 N. Y. 269, explained in *Hirsch* v. *Radt,* 228 N. Y. 100, 104). Plaintiff appears to concede this, by citing on the appeal *Marks* v. *Nambil Realty Co.* (245 N. Y. 256), holding that where a landlord undertakes to make repairs which he is not bound to perform, he must do the work carefully. That principle would be applicable if the landlord undertook to make these repairs, but that is one of the questions in issue. An obligation to repair was not imposed on the owner in this instance by the provisions of the lease. The lease required the tenant specifically to make repairs to any portion of the demised premises injured by the tenant's abuse, but that did not relieve the tenant from the obligation imposed by law to make such ordinary repairs as might be necessary to portions of the premises over which it had exclusive possession and control. The sole duty shown to have rested upon the owner arises from sections 295 and 316 of the Labor Law, requiring owners of tenant factories to keep the toilets in repair.

Two theories of negligence on the part of the owner were, in effect, submitted to the jury: (1) that the building was a

tenant factory, and that under sections 295 and 316 of the Labor Law the owner was charged with a nondelegable duty to maintain the toilet rooms in good repair; and (2) that if the owner had notice of a dangerous condition of the door a sufficient length of time in advance of the accident to have repaired it in the exercise of reasonable care, the owner would be liable for common-law negligence. There was no evidence that the owner had any notice at all. If the owner voluntarily attempted to repair the door one week before the accident, and did so negligently, the owner might be liable for negligent repairs under the decision in *Marks* v. *Nambil Realty Co.* (*supra*), but that theory was not submitted to the jury. The net effect is that the jury must have found for plaintiff solely on the basis of the Labor Law.

If the owner of the building repaired this door negligently, so that it injured plaintiff, there can be no recovery over against the tenants. Upon the other hand, if the repairs were made by the tenants, the only basis for holding the owner is violation of a nondelegable duty under the Labor Law, which would justify indemnification of the owner by the tenants who performed the negligent work.

The actual work was done by a man named George Nenninger, who was a general employee of the owner, viz., building superintendent. He testified that he did this work at the instance of the tenants, who paid him therefor. He had previously repaired the same door and done other handiwork for these tenants for which they had paid him on previous occasions. A voucher check of the tenants was received in evidence in corroboration of Nenninger's testimony. Although a member of tenants' firm denied that the payment was for this particular work, Nenninger's own testimony, supported by the voucher, certainly created a question of fact concerning whether he became the special employee of the tenants for the purpose of making these repairs which the tenants were legally obligated to make. The statutory duty imposed by the Labor Law could not be delegated by the landlord so as to defeat liability to plaintiff, but as between themselves the duty of making the repairs evidently rested upon the tenants and not upon the landlord, in view of the exclusive possession by the tenants and the absence of a clause in the lease obligating the landlord to make the repairs.

It is a familiar rule that where a general employee of one party is hired by another to do specific work for the latter, he may become an *ad hoc* employee of the special employer (*Hartell* v. *Simonson & Son Co.*, 218 N. Y. 345; *Irwin* v. *Klein*, 271 N. Y.

477, 487; *Van Deusen* v. *Ruhtz-Pike Eng. & Constr. Corp.*, 238 App. Div. 178, appeal dismissed 262 N. Y. 639). This rule has been applied in some cases even where the employee is still furthering the purposes of his general employer, subject to this limitation stated in *Charles* v. *Barrett* (233 N. Y. 127, 129): "The rule now is that as long as the employee is furthering the business of his general employer by the service rendered to another, there will be no inference of a new relation unless command has been surrendered, and no inference of its surrender from the mere fact of its division".

The only theory under which Nenninger could be said to have been furthering the purposes of the owner of the building in making these repairs, would have been to comply with these sections of the Labor Law, under which the duty of maintaining the toilet could not be delegated to tenants for the benefit of third persons. Within the scope of the relationship between owner and tenants, however, this duty rested on the tenants. Since this question concerns the third-party action, it is the relationship between the third-party plaintiff and defendants which counts in determining to which of them the negligence of Nenninger in making the repairs is to be imputed. As between themselves, he was not still "furthering the business of his general employer" (*Charles* v. *Barrett, supra*, p. 129). The refinements are not encountered in this case that "no inference of a new relation" is to be drawn "unless command has been surrendered, and no inference of its surrender from the mere fact of its division" (*Charles* v. *Barrett, supra*, p. 129). Since the primary duty of making these repairs rested on the tenants, Nenninger was not acting in furtherance of the business of the owner, vis-à-vis the tenants, if his testimony is true. An employee is usually held to have acted for the party on whom the duty rested to perform the work in which he was engaged (*Wright Steam Engine Works* v. *Lawrence Cement Co.*, 167 N. Y. 440, 444-445). As was said by UNTERMYER, J., citing *Braxton* v. *Mendelson* (233 N. Y. 122), in *Robbins Dry Dock & Repair Co.* v. *Navigazione Libera Triestina* (154 Misc. 788, 793, affd. 235 App. Div. 841, affd. 261 N. Y. 455, motion for reargument denied 262 N. Y. 521, certiorari denied 290 U. S. 656): "But the ultimate question resolves itself into a simple inquiry as to whose business the servant was engaged in at the time of the occurrence of the negligent act."

In *Irolla* v. *City of New York* (155 Misc. 908, 911) the decision was said to depend upon who directed the worker's movements, citing *Muldoon* v. *City Fireproofing Co.* (134 App. Div. 453). He testified that he was directed by the tenants.

The claim to indemnification of the owner was not submitted to the jury in the instant case. Inasmuch as the dismissal of the main complaint is being reversed, and there is to be a recovery against the owner of the building of $3,500 or a new trial, the issue should be tried in the third-party action whether Nenninger acted for the owner of the building or for the tenants in repairing the door of this toilet before the accident. That question was not decided by the jury. In finding for plaintiff, in effect, under sections 295 and 316 of the Labor Law, the jury did not need to reach that question. If Nenninger acted for the owner in repairing the door, that would be active negligence which would prevent indemnification against the tenants. But the jury might find that whatever repairs were made by Nenninger were done as the special employee of the tenants. In that event, the owner would be entitled to be indemnified by the tenants under the doctrine of active and passive negligence (*Tipaldi* v. *Riverside Memorial Chapel*, 273 App. Div. 414, affd. 298 N. Y. 686).

The owner's third-party complaint ought not to be dismissed on the law.

If plaintiff does not stipulate to reduce the verdict to $3,500, and a new trial is had, the factual questions in the main action should be submitted to the jury so as to include the theory based on *Marks* v. *Nambil Realty Co.* (*supra*), as well as violation of sections 295 and 316 of the Labor Law. The judgment, insofar as plaintiff has appealed therefrom, should be reversed and a new trial ordered, with costs to plaintiff-appellant to abide the event, unless plaintiff stipulates to accept a reduction of the verdict to the sum of $3,500 with interest and costs, in which event plaintiff's judgment against defendant, as so modified, should be affirmed, without costs of this appeal. The portion of the judgment dismissing the complaint of the defendant as third-party plaintiff should be reversed and a new trial granted in the third-party action, likewise with costs to said third-party plaintiff-appellant to abide the event. Settle order.

PECK, P. J., DORE, COHN and HEFFERNAN, JJ., concur.

Judgment, insofar as plaintiff has appealed therefrom, unanimously reversed and a new trial ordered, with costs to the plaintiff-appellant to abide the event, unless plaintiff stipulates

to accept a reduction of the verdict to the sum of $3,500 with interest and costs, in which event plaintiff's judgment against defendant, as so modified, is affirmed, without costs of this appeal. The portion of the judgment dismissing the complaint of the defendant as third-party plaintiff unanimously reversed and a new trial granted in the third-party action, likewise with costs to said third-party plaintiff-appellant to abide the event. Settle order on notice. [See *post,* p. 915.]