MARIE VOOTH, as Administratrix of the Estate of WALTER F. VOOTH, Deceased, Plaintiff, *v:* RAMON CASTROVIEJO et al., Defendants.

Supreme Court, Trial Term, New York County, July 7, 1954.

*Milton Harawitz* and *Abraham B. Fuss* for plaintiff.

*Patrick J. McCann* for defendants.

CAPOZZOLI, J.   The decedent, a window cleaner, was employed by a firm which had a contract with the defendants to clean the windows of a building owned by them.   He fell to his death from a window on the third floor of that building.   His administratrix has brought this action to recover damages for wrongful death.   The jury found for the plaintiff and the defendants have moved to set aside the verdict.

Two grounds are being urged by the defendants in support of the motion to set aside the verdict.   The first is that the building was not a public building, within the purview of section 202 of the Labor Law, and as defined in subdivision 13 of section 2 of the same law.   The second is that the court erred in refusing to admit into evidence a certificate of the State Board of Standards and Appeals showing a variance purportedly exempting the building from compliance with the terms of section 202 of the Labor Law.

The court charged the jury, as a matter of law, that the building was a public building and the defendants argue that this was error.

The conceded facts show that the defendant, Ramon Castroviejo, is a physician specializing in eye diseases.   The defendants purchased the property in order to remodel the building to fit it for use as a hospital and for their residence.

The building was a five-story building, including the ground floor. On the day of the accident, and for some time prior thereto, the ground floor was used by the defendant, Ramon Castroviejo, for his professional work. There were eleven rooms, all used in connection with the practice of medicine. There were a waiting room, a room for secretaries, private examining room, other examining rooms for the defendant's assistants, preparation and operating room, a room for air conditioning and a preparation room for nurses. In connection with his professional work the defendant, Ramon Castroviejo, employed four secretaries, a nurse and an assistant surgeon, all of whom worked on the ground floor. The second floor was not used. The third floor was used as a residence of the defendants. On the third floor there were five rooms, two of which were not used at all, one for storage of papers and two rooms used by maids. The fifth floor was not used. For some time prior to the accident, and on the day of same, alteration work was going on in the building to fit it for use as a hospital.

In view of the conceded facts, the question of whether the building was a public building, within the definition of the Labor Law, became one of law and not of fact.

The Labor Law is construed liberally in an endeavor to apply its protection to employees (*Red Hook Cold Storage Co.* v. *State Dept. of Labor,* 295 N. Y. 1). Obviously, the use of the premises for the practice of medicine, approaching the activities of a clinic, clearly shows that the paramount consideration in the minds of the defendants was to use the building primarily for professional activities and, incidentally, provide one floor for residential purposes. Therefore, the court believes it was correct in charging the jury that the building was a public building under the Labor Law. (See 1941 Atty. Gen. [Inf.] 460.)

The court will now consider the second ground upon which the defendants rely, viz.: the refusal of the court to receive in evidence the resolution of the State Board of Standards and Appeals, offered by the defendants at the trial.

It is recognized that the Labor Law has been adopted for the well-being and protection of persons employed in industry. The Board of Standards and Appeals is charged with the duty of promulgating regulations designed to carry out the purposes for which the law was enacted. It may not alter or amend express statutory provisions. It may not adopt definitions not consistent with the definitions found in the Labor Law itself. (*Gerber* v. *Seaich Realty Co.,* 259 App. Div. 667; *Pollard* v.

*Trivia Bldg. Corp.*, 291 N. Y. 19.)   Section 30 of the Labor Law gives to the Board of Standards and Appeals the power to make a variation from certain requirements of the law itself and from rules of the board adopted under that law, wherever the spirit of the provision or rule shall be observed and public safety secured.

Section 202 of the Labor Law, by its terms, excepts three types of buildings from its application.   The building involved in the case at Bar does not come within any of those three statutory exceptions.   Defendants, however, rely on the provisions of the resolution which was not allowed in evidence and which provides as follows: '' That portion of any building six (6) stories or less in height which is occupied or is to be occupied as the abode, residence or home of one or more families, shall not be subject to the requirement of Rule No. 21.''

Since the exceptions are created by statute, obviously the board cannot add to those exceptions.   If the resolution was to apply to the case at Bar, then it would, in effect, be a variance granted by the board to exempt the building from rule 21 of the Industrial Code.   Therefore, it is important to consider whether such a variance can be legally given by the board under the circumstances of this case.

Section 202 of the Labor Law, amongst other things, provides: '' The board of standards and appeals may grant variations pursuant to the provisions of section thirty of this chapter exempting the windows of any building from the provisions of this section *where such windows can be and are to be cleaned from the inside.''*   (Emphasis supplied.)

At the trial the defendants, through their counsel, conceded that the window involved in this case could not be cleaned from the inside.   In view of that fact, any attempt on the part of the board to exempt that window from the operation of section 202 of the Labor Law, pursuant to which rule No. 21 of the Industrial Code was adopted, would be a nullity, because the board may only exercise such power as is granted to it under the law, subject to the limitations imposed by the same law.   The board is limited in its power by the language found in section 202 to situations '' where such windows can be and are to be cleaned from the inside.''   Therefore, in the opinion of this court, the resolution was properly excluded.

For the reasons above stated, the motion of the defendants to set aside the verdict of the jury is denied and judgment will be entered.