G. Robert Wither, J.
Plaintiff has moved to strike out as sham the affirmative defense in the amended answer of each defendant herein in which it is alleged that the plaintiff and defendant Nelson were coemployees at the time of plaintiff’s injury and that hence plaintiff’s remedy is governed by the Workmen’s Compensation Law. The papers show that defendant Nelson was'in the employ of defendant Kearse; that Kearse agreed to and did furnish to Stewart & Bennett, Inc., general contractors on a particular job, a bulldozer with operator; that defendant Nelson was such operator; that plaintiff was then in the employ of Stewart & Bennett, Inc., on such job; and that defendant Nelson while operating the bulldozer allegedly caused injury to plaintiff. Defendants have alleged that Nelson was also in the employ of Stewart & Bennett, Inc., so as to make him a coemployee of plaintiff, and that thus plaintiff is required to seek his remedy under the Workmen’s Compensation Law.
Examinations before trial of the defendants have been made a part of the papers on these motions.
Motions of this character should not be granted if a question of fact is presented. (Levenstein v. Muhlfeld, 247 App. Div. 795; Riverside Chem. Co., v. City of Niagara Falls, 269 App. Div. 810.) The defendants contend that Kearse did not undertake to do work for the general contractor, Stewart & Bennett, Inc., under contract, but instead merely rented the bulldozer and operator to said contractor. They further contend that under such rental arrangement the lessee, Stewart & Bennett, Inc., gave the directions to the operator, Nelson, and was in fact the special employer of said operator on the occasion when the plaintiff was injured. The examinations before trial reveal evidence to support these contentions.
Whether defendant Nelson was an employee of Stewart & Bennett, Inc., at the time of plaintiff’s injury is, in this case, a question of fact to be determined upon the trial. (Ramsey v. New York Central R. R. Co., 269 N. Y. 219, 223-224; Irwin v. Klein, 271 N. Y. 477; Matter of Dennison v. Peckham Road Corp., 295 N. Y. 457; Burton v. American Bridge Co., 297 N. Y. 993; Van Deusen v. Ruhtz-Pike Eng. & Constr. Corp., 238 App. Div. 178, appeal dismissed 262 N. Y. 639; Osborg v. Hoffman, 252 App. Div. 587, affd. 280 N. Y. 523.)
*22 Cases relied upon by plaintiff involve employees of subcontractors, not of a lessor. Defendants claim that in this case Nelson was a general employee of a lessor, to wit, Kearse, and a special employee of Stewart & Bennett, Inc.
What the facts really were in this case, including the extent of the control exercised by plaintiff’s employer over defendant Nelson, must be determined at the trial in order for the court to determine the issue raised by the affirmative defenses.
The motions to strike the affirmative defenses are, therefore, denied.
Submit order accordingly.