Louis G-. Bruhut, J.
This is an application on behalf of the petitioner for his reinstatement to the position of senior clerk, corporation search, in the office of the Secretary of State, a position in the competitive class of civil service.
The petitioner alleges that on September 19, 1960 he became ill and was placed under the care of a physician until November 22, 1960 and was thereby prevented from returning and attending to his duties in the office of the Secretary of State.
Dispute exists as to whether petitioner reported his disability and the possible duration thereof on September 19, 1960, the first date of his absence, to a member of the staff of the unit of his employment.
The petitioner further alleges that he reported for work on November 23,1960 and was not permitted to return to the duties of his position by the Executive Deputy Secretary of State; that on November 23, 1960 he demanded a formal hearing on his application to be permitted to return to his employment, but such demand has consistently been refused.
It appears without question that his displacement was all without notice to him and without the filing of any written charges or hearing.
The Secretary of State justifies such action pursuant to subdivision 4 of rule 37 of the Rules of Civil Service. [4 NYCRR 5.3.]
*520 That rule, so far as applicable in the instant case, provides as follows:
“4. Unauthorized absence; when deemed a resignation.
11 When an employee is absent without leave and without an explanation therefor for a period of ten work days, such absence shall be deemed to constitute a resignation effective on the date of the commencement of such absence. The failure of an employee to return to his position within ten work days following the expiration of a leave of absence, or extension thereof, without submitting an explanation therefor within such ten-day ■period, shall constitute a resignation which, for purposes of determining eligibility for reinstatement, shall be deemed to bo effective as of the date of the commencement of such leave of absence. Nothing herein shall be deemed to excuse the unauthorized absence of an employee or his failure to return to his position upon the expiration of an authorized leave of absence, and any such failure may he regarded as misconduct in an appropriate disciplinary proceeding(Italics supplied.)
It is the Secretary’s position that a failure to explain an absence without leave and without an explanation given within the 10-workday period thereof constitutes a resignation justifying a replacement without charges or hearing.
The Secretary argues that the rule is justifiably different with a 10-day unexcused absence following an authorized leave of absence since under those circumstances a replacement may be made available to insure that the normal functioning of the absent employee’s position is not disrupted.
The petitioner, on the other hand, argues that the language employed in the rule was by design to require the explanation within the 10-day period following an authorized leave of absence but not to require it within the first 10-workday period without leave and without an explanation.
He further argues that the language employed in the rule anticipates and necessitates a disciplinary proceeding before such penalty of displacement may ensue.
More important he argues that the imposition of a contrary interpretation is in direct violation of section 75 of the Civil Service Law.
That section, so far as applicable, provides:
“ Removal and other disciplinary action.
“ 1. Removal or disciplinary action. A person described in paragraph (a) or paragraph (b) of this subdivision shall not be removed or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this *521 section, (a) A person holding a position by permanent appointment in the competitive class of the classified civil service ”. (Italics supplied.)
It appears that the problem involved is one of first impression since research reveals no pertinent applicable authority.
Under those circumstances a logical approach to the solution of the problem would address itself to the interpretation of rule 37 in the light of the provisions of section 75.
It must be conceded that the State Civil Service Commission has the power to prescribe and amend suitable rules and regulations for “ resignations and reinstatements (Civil Service Law, § 6.)
However, it is fundamental that such “ power to make rules does not include the power to alter or create a conflict with a statute (Pollard v. Trivia Bldg. Corp., 291 N. Y. 19 ; Gerber v. Seaich Realty Co., 259 App. Div. 667).” (Komar v. Dun & Bradstreet Co., 284 App. Div. 538, 544.)
Therefore, to accept the interpretation of rule 37 as urged by the Secretary of State would do violence to such principle.
In the first place section 75 mandates there shall be no removal for misconduct except after a hearing upon stated charges.
The first portion of the last sentence of subdivision 4 of rule 37 i.e., “ Nothing herein shall be deemed to excuse the unauthorized absence of an employee ’ ’ would be meaningless unless it was intended to apply to the first-mentioned absence of 10 workdays and not to the second suggested possibility.
Since such language appears conjunctively with the portion obviously intended to apply to the second possibility it seems strained to say that a different interpretation should apply in one case than that which applies in the other.
The only logical interpretation consistent with section 75 is to hold that the failure involved in both the situations envisioned by subdivision 4 is to “ be regarded as misconduct in an appropriate disciplinary proceeding.” (Italics supplied.) (Matter of Driscoll v. Troy Housing Auth., 6 N Y 2d 513, 524 ; Matter of Smith v. McNamara, 277 App. Div. 580.)
While it may be argued that this case involves a “ resignation ” rather than a “removal” such argument is one of semantics because the net effect, so far as this petitioner is concerned, has been to foreclose him from.his former position in spite of his desire to return.
Nor is it an answer to say that he may apply for reinstatement since he would still be subject to any whim or caprice, if such exists, of the administrative officer who has declared the ‘ ‘ resignation ’ ’.
*522 This result without a hearing to establish whether the absence was unauthorized or whether timely notice had been given is inconsistent with the spirit and intent of section 75.
The interpretation arrived at by this court will not amount to a stultification of State functions by employee absences without leave since ample machinery is available for suspension pending a hearing and determination of charges during which time provisional appointments could be made. (Civil Service Law, § 75,)
Therefore, for the reasons stated it is this court’s conclusion that the application should be granted directing the respondents immediately to reinstate the petitioner as senior clerk, corporation search, in the office of Secretary of State of the division of corporations with full pay from October 2, 1960 to the date of reinstatement less any authorized deductions and any compensation earned by the petitioner from any other occupation. This disposition is without prejudice to any proceeding the respondents may be advised to bring for the removal of petitioner.