Beexabd Weiss, J.
This action was tried before the court without a jury. Findings of fact and conclusions of law were waived.
Plaintiff was injured on July 7, 1958, at about 8:30 a.m., on the sixth (top) floor of 141 West 17th Street, Manhattan, when an extremely heavy cabinet which he was moving with the assistance of two other men went through the allegedly defective wooden floor. This action was instituted against 135 West 17th Street Corp., which was never served, and defendant 141 West 17th Street Corp., whose answer, in effect, puts in issue possession, operation and control of the premises where the accident occurred and any duty with respect to the maintenance thereof.
It has been established that the building was a £ £ tenant-factory building ” (Labor Law, § 315, subd. 2); that plaintiff’s employer, Multi Service Bureau, was the tenant of the entire sixth floor and in occupancy of a portion thereof, although the terms of its tenancy have not been disclosed; that portions of this space were sublet by the tenant to two subtenants, one of whom was about to move into the space where the accident took place; and that in preparation therefor plaintiff, in the course of his duties for and at the direction of his employer, was at the time of the accident moving the cabinet out of the way with the aid of two employees of the company hired to lay the floor for the incoming subtenant.
Defendant rested at the close of plaintiff’s case. Contributory negligence aside, defendant disputes any common-law obligation to repair in the absence of occupation and control or the applicability of sections 316 and 200 of the Labor Law, upon which plaintiff further relies.
Defendant’s position finds ample support in Dick v. Sunbright Steam Laundry Corp. (307 N. Y. 422); Berman v. H. J. Enter *87 prises (13 A D 2d 199); Szczepkowicz v. Khelshek Realty Corp. (280 App. Div. 524); Gerber v. Seaich Realty Co. (259 App. Div. 667); Moreno v. Relkin (24 Misc 2d 230); Zucchelli v. City Constr. Co. (4 N Y 2d 53); Senk v. City Bank Farmers Trust Co. (108 F. 2d 630), leaving the residual issue as to the effect of the occasional participation by defendant’s superintendent in the repair of the floor in question.
In this regard, plaintiff testified, in substance, that the floor, made of half-inch thick wooden strips, was in such condition that over a period of years before the accident handtrucks pushed by him went through the floor a number of times; that at the direction of his employer he himself had repeatedly patched the holes with pieces of tin procured from the basement with the consent of Simmons, the building superintendent, and Cohen, an officer of defendant; that occasionally Simmons helped him to make the repairs on instructions from Cohen; that the accident occurred on the wooden, not the tin, portion of the floor; and that within a few weeks thereafter he again had occasion to make similar repairs with the help of Simmons under similar circumstances.
Upon this record, the court is unable to impose a liability upon defendant from which it is otherwise exonerated by law. Granted that defendant would be liable for negligence in the making of voluntary repairs (Marks v. Nambil Realty Co., 245 N. Y. 256), the issues are whether the acts of the superintendent became those of defendant in the circumstances outlined and whether the same constituted the proximate cause of the accident. Both questions must be answered in the negative.
On the first question, with respect to the superintendent’s occasional collaboration with plaintiff in the making of the repairs, in the absence of any common-law or statutory duty on the part of defendant the evidence is insufficient for the court to go beyond Szczepkowicz (supra), wherein the Appellate Division of this Department stated (280 App. Div. 524, 528): “ An employee is usually held to have acted for the party on whom the duty rested to perform the work in which he was engaged ”.
In any event, the accident having occurred on an unrepaired portion of the floor, the second question answers itself and the repairs cannot be said to have been the proximate cause of the accident.
Judgment is, therefore, rendered for defendant dismissing the complaint on the merits. Ten days ’ stay.
This constitutes the decision of this court pursuant to section 440 of the Civil Practice Act.