■ In the Matter of ARTHUR J. DUNN, Respondent, v. CAROLINE K. SIMON, as Secretary of State of the State of New York, et al., Appellants.— Appeal by respondents in an article 78 Civil Practice Act proceeding from a final order granted by the Supreme Court at Special Term which restored petitioner to his position in the competitive class of the civil service and directed the payment of his salary from the date of his dismissal. Petitioner was absent without leave from his position of senior clerk, corporation search, in the office of the Secretary of State between September 19, 1960 and November 22, 1960. His employment was terminated without notice or a hearing on stated charges for the reason that he was considered to have resigned his position pursuant to rule 37 of the Rules for the Classified Service. The petition alleges that the absence was occasioned by illness of which he gave explanatory notice to a staff employee in the Department of State on the day of its

onset. The answer of appellants puts in issue these averments and as a separate defense alleges that petitioner's failure to comply with the rule was tantamount to his resignation from the public service. On motion Special Term struck the defense for legal insufficiency and granted the relief prayed for. This appeal followed. In part the rule reads: " 4. Unauthorized absence; when deemed a resignation. When an employee is absent without leave and without an explanation therefor for a period of ten work days, such absence shall be deemed to constitute a resignation effective on the date of the commencement of such absence." Under the rule this provision is not deemed to excuse the unauthorized absence of an employee and the right to regard it as misconduct in an appropriate disciplinary proceeding is preserved. The Civil Service Law (§ 75, subd. 1, par. [a]) provides that a person holding a position by permanent appointment in the competitive class of the civil service shall not be removed except for incompetency or misconduct shown after a hearing upon stated charges pursuant to the provisions of the section. In effect Special Term held that the rule, as here invoked, conflicts with the statute and that for this reason the declaration of resignation is void. We entertain a different view. The rule expressly provides that an unexplained absence without leave for 10 work days shall be deemed to constitute a resignation by the employee. The promulgation of subdivision 4 was within the rule-making power of the State Civil Service Commission. (Civil Service Law, § 6, subd. 1.) We have no misgivings about its reasonableness. Nor do we perceive the inconsistency between the rule and the statute envisaged by Special Term. Each was designed to provide a separate and distinct method within the State civil service complex for the severance of employment, the former by self-abdication and the latter by compulsion after a hearing upon charges of incompetency or misconduct. Respondent's contention that he was not required to explain his unauthorized absence within the 10-day period is without merit. The pleadings raise issues of fact, a trial of which before a court and a jury has been timely demanded. (Civ. Prac. Act, § 1295.) The motion to dismiss the appeal on the ground of mootness is denied. Order reversed on the law and the proceeding remitted to the Trial Term of the Supreme Court for Rensselaer County for trial before the court and a jury, with costs to abide the event. Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur. [28 Misc 2d 518.]