Louis B. Heller, J.
Defendant moves to dismiss plaintiff’s complaint on the ground that plaintiff has failed to malee out a prima facie case.
The basis of plaintiff’s action is that the owner of the factory building wherein this accident happened owed a duty to the plaintiff herein to maintain the washroom, and particularly the windows of the said washroom, on the floor on which she was employed, in proper repair, and that by reason of the failure to fulfill that duty she was injured.
Plaintiff’s employer was the lessee of the entire floor upon which the washroom was located and wherein plaintiff was allegedly injured. Under common law, where the owner of a building leases out premises therein to another and maintains no control thereof, the owner of such building is not responsible for any injuries sustained by any others in those portions of the building so leased out.
It appears that the plaintiff recognizes this rule but maintains that an obligation nevertheless is cast upon the owner of the premises under the Labor Law to keep the washrooms in proper repair. She refers particularly to sections 293, 295 and 316 thereof. Upon reading those sections I cannot agree *288 with plaintiff’s contentions. The sole obligation under section 293 of the Labor Law is that the landlord shall provide and maintain for employees in a factory building, convenient washrooms, separate for each sex, adequately equipped with washing facilities, and it is further provided therein that every washroom shall be adequately ventilated and heated and lighted by artificial means when necessary.
.Section 295 of the Labor Law provides that a sufficient number of suitable and convenient water closets be provided and that those water closets, urinals, water-closet compartments and toilet rooms and plumbing in connection therewith, be properly constructed, installed, ventilated, lighted, heated and maintained.
Section 316 casts upon the owner of a factory building the duty to comply with sections 293 and 295. In none of the foregoing sections is there any indication that a duty is cast upon the owner to make any repairs. Plaintiff, however, claims in her brief that the case of Szczepkowicz v. Khelshek Realty Corp. (280 App. Div. 524) holds that at least under section 295 a duty is cast upon the landlord to make repairs of the water closets and accordingly a similar interpretation necessarily follows with respect to section 293 of the Labor Law. Szczepkowicz (supra) was decided in July, 1952, and dealt with an accident which occurred on July 19, 1946. At the time of that accident section 295 of the Labor Law had one other provision which no longer exists having been repealed in April, 1947. That provision read as follows: “All watercloset compartments and toilet rooms and the fixtures therein shall be kept in a sanitary condition and in proper repair.”
Thus it is apparent that the Legislature no longer requires an owner to make those repairs to water closets required of him prior to 1947. There has never been any provision in the law requiring an owner to make repairs in washrooms but there has always been a provision in the Labor Law (now § 291 thereof), which requires that every room in a factory and every part thereof, and all fixtures therein, shall at all times be kept in a safe and sanitary condition and in proper repair. Under section 316 of the Labor Law the duty to make such repairs is cast upon the person operating the factory and not upon the owner of the factory building. Therefore, it is apparent that neither under the common law nor under statutory law is there a duty owing by the owner of the building to maintain washrooms in repair under the circumstances herein and consequently no duty was breached by the defendant owner to the plaintiff, Motion granted and the complaint dismissed,