■ In the Matter of STANDARD FOOD PRODUCTS CORPORATION et al., Appellants, v. STATE LIQUOR AUTHORITY et al., Respondents.— Judgment affirmed, with costs, on the opinion in *Matter of House of Seagram* v. *State Liq. Auth.* (30 A D 2d 380). Gibson P. J., Herlihy, Aulisi, Staley Jr., and Gabrielli, JJ., concur.

■ In the Matter of W. A. TAYLOR & COMPANY, Appellant, v. DONALD S. HOSTETTER et al., Constituting the State Liquor Authority, et al., Respondents.— Judgment affirmed, with costs, on the opinion in *Matter of House of Seagram* v. *State Liq. Auth.* (30 A D 2d 380). Gibson, P. J., Herlihy, Aulisi, Staley Jr., and Gabrielli, JJ., concur.

■ In the Matter of KNICKERBOCKER LIQUORS CORPORATION, Appellant, v. DONALD S. HOSTETTER et al., Constituting the State Liquor Authority, et al., Respondents.— Judgment affirmed, with costs, on the opinion in *Matter of House of Seagram* v. *State Liq. Auth.* (30 A D 2d 380). Gibson, P. J., Herlihy, Aulisi, Staley Jr., and Gabrielli, JJ., concur.

■ In the Matter of WILBERT W. HAYWARD, Respondent, v. ARTHUR CORNELIUS, JR., as Former Superintendent of the Division of State Police, Appellant.— *Per Curiam.* Appeal from a judgment of the Supreme Court which directed appellant to accord petitioner a hearing upon charges. Petitioner's two telephone messages constituted an " explanation " within the meaning of the Rules for the Classified Service (4 NYCRR 5.3 [d]) and the question whether the explanation was true or false is not the issue now before us. (See *Matter of Dunn* v. *Simon,* 16 A D 2d 719, 720, mot. for lv. to app. den. 11 N Y 2d 646.) Petitioner took no cross appeal and cannot well complain that Special Term granted the alternative relief that he requested; nor can the appellant object, inasmuch as the relief granted was more favorable to him than the reinstatement with back pay to which petitioner was probably entitled (see *Matter of Amkraut* v. *Hults,* 21 A D 2d 260, affd. 15 N Y 2d 627). We do not, however, pass on the question of reinstatement nor on petitioner's right to apply or reapply to Special Term for relief of that nature. Judgment affirmed, with costs to respondent. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*