PARKE-BERNET GALLERIES, INC., Appellant, *v.* ROBERT A. FRANKLYN, Respondent.

First Department, February 6, 1969.

*Marshall C. Berger* of counsel (*Edward C. Wallace* and *Myron J. Meadow* with him on the brief; *Weil, Gotshal & Manges*, attorneys), for appellant.

*Theodore Ellenoff* of counsel (*Gartenberg & Ellenoff*, attorneys), for respondent.

TILZER, J. Again the question is posed as to how long is our long-arm statute — whether personal jurisdiction was acquired over the California defendant under CPLR 302 (subd. [a], par. 1) through telephone calls and correspondence had with the plaintiff-appellant, a New York auctioneer of works of art. At the time of the auction, an open telephone line was established between the defendant in California and an employee of the plaintiff-appellant at its premises in New York. This employee advised the defendant of the bidding and received instructions from the defendant as the sale progressed. As a result of this arrangement, plaintiff-appellant contends that the defendant was the successful bidder for two paintings and it instituted this action to recover therefor, serving the defendant personally in California.

In asserting personal jurisdiction over nonresidents, our Legislature, as has been observed, chose not to fix precise standards as to the minimal contacts required to sustain jurisdiction under the provisions of CPLR 302 (subd. [a], par. 1). It may be that progress in communications, the development of technological devices such as the videophone, will ultimately reach a point where it may be said that a foreign domiciliary is physically present in New York for all intents and purposes. But as yet, in the evolutionary expansion of personal jurisdiction over nonresidents, mere mail and telephonic communication concerning a noncommercial contract between an individual nonresident buyer in California and a domiciliary seller in New York do not constitute those minimal contacts sufficient to establish the transaction of business in this State. Despite the liberality with which 302 has been construed, it would offend traditional concepts of fairness and substantial justice to compel the defendant non-domiciliary, a doctor not engaged in the business of buying and selling works of art, to defend in this jurisdiction. (*McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N Y 2d 377, 383; *Millner Co. v. Noudar, LDA.*, 24 A D 2d 326, 329.)

In determining whether it is fair and reasonable, moreover, to require the defendant to defend the suit brought here, the test is not a mere " mechanical or quantitative " one, but " must

depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." (*International Shoe Co.* v. *Washington,* 326 U. S. 310, 319; *Davis* v. *St. Paul-Mercury Ind. Co.,* 294 F. 2d 641, 647 [C. A. 4th].) Plaintiff-appellant contends that defendant was the successful bidder for two paintings for a total price of $96,000; that he participated in the auction sale as if he were physically present in New York. But, as the plaintiff concedes, and as the Special Referee reported, an auctioneer is normally deemed to be the agent of the seller rather than the buyer. (The report of the Special Referee finding a lack of jurisdiction over the defendant was confirmed by the Special Term, the transcript of the minutes taken before the Referee being waived.) The individual in the plaintiff-appellant's premises in New York in telephonic communication with the defendant in California was the plaintiff's employee. There is nothing before us to indicate that this employee, Mr. Nash, employed by the plaintiff-appellant as a cataloguer of paintings, was the defendant's special agent hired for the single purpose of bidding for the defendant at the auction. Any such factual finding, moreover, in the state of the record, would be impermissible. The plaintiff auctioneer, of course, was not the defendant's agent, acting under defendant's control, since it was also the agent in the same bidding for third parties participating in the sale. Nash, on the other hand, was not shown to have been acting for the defendant alone, solely in his interests and subservient to his wishes. His acts do not create a basis for jurisdiction against defendant. (*Millner Co.* v. *Noudar, LDA., supra,* p. 328.) In *Davis* v. *St. Paul-Mercury Ind. Co.* (*supra,* p. 647), in referring to the test enunciated by Mr. Chief Justice STONE in *International Shoe Co.* v. *Washington* (*supra*) the court said:

" The meaning of due process in this area can be determined only by weighing the competing interests * * * what is required is an analysis and weighing of the interests of a defendant in not being called upon to defend in the forum, of a plaintiff in being able to acquire jurisdiction over a defendant in the place where the cause of action arose, and of a state in being able to open its courts to the particular lawsuit. * * *

" What is the primary interest of a resident of Texas who is made a defendant in a North Carolina court? It is to avoid the inconvenience of having to defend in North Carolina. The trip would tend to disrupt the pursuit of his affairs at home. There is also the expense of the journey for litigant and counsel. Even if local counsel should be retained, he would be a person

with whom the defendant is unfamiliar. The inconvenience to the defendant is more likely to be important in the case of individuals than of corporations.''

The order appealed from dismissing the complaint upon the ground that the court lacks jurisdiction over the person of the defendant should be affirmed, with costs and disbursements.

McNALLY, J. (dissenting). This action is for the purchase price of two paintings sold to defendant at an auction held April 6, 1967 at plaintiff's premises in New York City. Personal jurisdiction of defendant is grounded on CPLR 302 (subd. [a], par. 1). The Special Referee found defendant did not transact business in New York and thereon found lack of personal jurisdiction of defendant. The order appealed from confirms the report and dismisses the complaint. I would reverse the order. No transcript of the hearing before the Special Referee was provided. Both parties conceded on the argument they were bound by the report of the Referee and that this court is entitled to predicate its decision thereon. The material facts as ascertained from that report are not in dispute. They are: '' Defendant, a California resident, received a catalogue for plaintiff's April 6, 1967 art sale through the mail, as a subscriber to such publication. It also appears he obtained another such catalogue from plaintiff's California office. Thereafter, on or about April 3, 1967, after consulting with one Miss Calnan in plaintiff's California office, defendant wrote to plaintiff in New York and thereby placed a bid on a particular painting to be auctioned in New York at the April 6th sale. Sometime prior to such sale, defendant telephoned plaintiff in New York, spoke to the witness Eunice S. Carroll, secretary of plaintiff-corporation, changed his prior bid-offer and requested that an open telephone line be established between himself in California and plaintiff in New York during the auction sale on April 6th. This was actually done and during this sale, defendant spoke to a ' Mr. Nash ' (David Nash — concededly an employee of plaintiff), who described the bidding to him and told him the results of the auction.

'' In substance, this constitutes the proof adduced by the parties. For the purposes of the hearing before me, counsel conceded that the copies of the correspondence between the parties, as annexed to the pending motion papers, are correct and accurate and are to be deemed in evidence here.''

Nash affirms that during the auction '' I was on the telephone with Dr. Robert A. Franklyn, the defendant herein, during the entire bidding — relaying bids to him and entering his bids thereon.'' Plaintiff contends for jurisdiction under CPLR 302

(subd. [a], par. 1) by reason of the fact that defendant transacted business in this State. The specific business constituted the bidding at an auction sale held by plaintiff at its galleries in New York City.

Defendant Franklyn, a resident of California on the date of the auction sale, through an open telephone, authorized plaintiff's employee, one Nash, to bid for a particular painting. Nash, through the open telephone, informed defendant of the progress of the bidding and conveyed to the auctioneer defendant's bids. On these facts Nash was an *ad hoc* employee of defendant and his actions were the actions of defendant and binding on defendant the same as if defendant were present in the auction room. (*Irwin* v. *Klein*, 271 N. Y. 477; *Hartell* v. *Simonson & Son Co.*, 218 N. Y. 345; *Szczepkowicz* v. *Khelshek Realty Corp.*, 280 App. Div. 524; *Van Deusen* v. *Ruhtz-Pike Eng. and Constr. Co.*, 238 App. Div. 178.)

Defendant's contention that plaintiff auctioneer is the seller's and not the buyer's agent is a *non sequitur*. Plaintiff's employee, Nash, was not the auctioneer — he was receiving and submitting bids to the auctioneer under defendant's direction.

CPLR 302 (subd. [a], par. 1) enables personal jurisdiction of a nondomiciliary on the basis of a single transaction in New York. (*Longines-Wittnauer* v. *Barnes & Reinecke*, 15 N Y 2d 443, 456.) Moreover, the statute is expressly applicable if the transaction is " through an agent ". The auction held April 6, 1967 was a transaction by defendant in New York within the meaning of the statute subjecting defendant to personal jurisdiction of the courts of this State.

The order dismissing the action should be reversed and the motion therefor denied.

STEVENS, P. J., and EAGER, J., concur with TILZER, J.; MCNALLY, J., dissents in opinion.

Order entered May 27, 1968, affirmed with $50 costs and disbursements to the respondent.