■ RAYMOND HORNE et al., Appellants, v SEYMOUR SCHER, as City Manager of the City of Yonkers, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination by respondent city manager in which he purported to accept the resignation of petitioner Raymond Horne, the appeal, as limited by petitioners' brief, is from so much of an order of the Supreme Court, Westchester County, entered April 9, 1974, as determined that a trial was necessary in order to determine "whether the petitioner was ill during the time period in question". Permission for the taking of this appeal is hereby granted by Mr. Justice Brennan. Order reversed insofar as appealed from, on the law, without costs, and proceeding remanded to Special Term for further proceedings not inconsistent herewith. The undisputed facts of this case disclose that petitioner's "resignation" was "accepted", effective September 17, 1973, on the ground that he had, "as of September 17, 1973 * * * been absent without leave for a period in excess of ten (10) consecutive work days without explanation. In accordance with Municipal Civil Service Rule XXII, Paragraph 4, such a period of absence constitutes a resignation" (see 4 NYCRR 5.3 [d]). The self-same facts also disclose, however, that petitioner Horne notified his department on August 27, September 4, 10, 17 and 21, 1973 that he was unable to work on those dates due to illness. Such telephonic communications would be sufficient to constitute an "explanation" within the meaning of such

rules *(Matter of Hayward v Cornelius,* 30 AD2d 901; see *Matter of Dunn v Simon,* 16 AD2d 719, mot for lv to app den 11 NY2d 646). The foregoing appearing conclusively from the record, it follows that Special Term should have determined petitioner's termination to have been unlawful and should have ordered his reinstatement with back pay as provided by section 77 of the Civil Service Law. It was neither necessary nor proper for Special Term to attempt to inquire into the *bona fides* of petitioner's "explanation" under these circumstances *(Matter of Hayward v Cornelius, supra).* We remand in order for Special Term to fix the amount of compensation to which petitioner will be entitled, as the record indicates that he may have exhausted his sick leave prior to the effective date of his "resignation". In such event, he would only be entitled to back pay from the date on which he first became ready, willing and able to return to work. Rabin, Acting P. J., Hopkins, Brennan, Munder and Shapiro, JJ., concur.