■ In the Matter of FRANK R. DE MURO, Respondent, v ALBERT GRAY, as Commissioner of the Department of Correction, Westchester County, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Correction of Westchester County that petitioner's failure to report to work for five consecutive days constituted a resignation, which determination was adhered to upon review, the appeal is from a judgment of the Supreme Court, Westchester County, entered December 23, 1974, which, *inter alia,* (1) declared rule 15.4 of the Rules of the Westchester County Civil Service Commission invalid as in conflict with section 75 of the Civil Service Law, (2) annulled the determination and (3) directed petitioner's reinstatement with back pay. Judgment affirmed, with $20 costs and disbursements. Appellant admits that petitioner notified the department of his injury. We agree with Special Term's finding that the letter directing petitioner's return to work was not delivered to him. Petitioner's subsequent absence therefore was not "without consent" within the meaning of rule 15.4 of the Rules of the Westchester County Civil Service Commission, which provides: "Any employee who absents himself from duty for three consecutive days without consent, shall be deemed to have resigned in bad standing as of the

beginning of such unauthorized absence, unless an explanation acceptable to the appointing officer is submitted by such employee within a reasonable time thereafter. Such unauthorized absence may also be made grounds for disciplinary action." (See, also, *Matter of Hayward v Cornelius,* 30 AD2d 901.) On these facts we do not reach the issues of whether rule 15.4 conflicts with section 75 of the Civil Service Law or whether it fails to satisfy the requirements of due process (see *Matter of Sanford v Rockefeller,* 35 NY2d 547). Gulotta, P. J., Rabin, Hopkins, Martuscello and Shapiro, JJ., concur.