Per Curiam.

We conclude that the portion of subdivision (d) of section 5.3 of the Rules and Regulations of the Department of Civil Service (4 NYCRR 5.3 [d]) on which Downstate Medical Center relied when it terminated petitioner’s employment is inconsistent with section 75 of the Civil Service Law and therefore invalid. In pertinent part the rule provides: "When an employee is absent without leave and without an explanation therefor for a period of 10 work days, such absence shall be deemed to constitute a resignation effective on the date of the commencement of such absence.”
Whatever may be its external formulation, in substance this rule provides that a certain type of venial dereliction of duty, if unexplained, will authorize an employer to terminate the employment of a temporary or permanent employee. In a general sense it appears to offer a means for summary, involuntary termination of employment based on nonperformance of duty. To the extent that its application may result in a discharge of the employee it may be said to parallel section 75 in purpose. But, as occurred in this instance, the employer is not required or expected to give any notice to the employee before, invoking the rule. This flies in the face of one of the mandates of section 75.
It cannot seriously be contended that rule 5.3 (d), at least as presently implemented, provides a separate and distinct proce *1063 dure for termination of employment. We are informed that in practice if the employee tenders even an implausible excuse all proceedings under this rule abruptly and completely cease. Recourse is thereafter had to proceedings for removal or other disciplinary action under section 75, with its full panoply of procedural due process.
In our view the provisions of the statute preclude resort to the provisions of the rule (however vacuous it has become in practice) to terminate employment. To the extent that Matter of Dunn v Simon (16 AD2d 719, mot for lv to app den 11 NY2d 646) may be read as expressing inconsistent views it is disapproved.
In the light of the disposition of the appeal on this ground we do not reach or consider the constitutional issues so vigorously presented.
Finally we note our agreement with the Appellate Division that this article 78 proceeding was instituted before the expiration of the four-month period of limitations.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed.