■ WILLIAM TANGNEY, Appellant, v. CITY OF NEW YORK, Respondent. CITY OF NEW YORK, Third-Party Plaintiff, v. CONSOLIDATED EDISON CO. OF NEW YORK, INC., et al., Third-Party Defendants, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Fourth-Party Plaintiff, v. SICILIAN ASPHALT PAVING CO., Fourth-Party Defendant.— Judgment, Supreme Court, New York County entered August 9, 1972, insofar as it dismissed plaintiff's complaint, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. In order to prevail in this action, plaintiff was required to prove that defendant municipality had actual or constructive notice of the alleged unsafe condition of its roadway. Since there was no evidence of actual notice, plaintiff attempted to establish constructive notice through an engineer. The expert witness, however, stated that he was unable to give an opinion as to how long the claimed defect existed without being informed as to the nature of the soil removed and replaced, the depth of the soil, whether there was a temporary or final surface placed over the fill, whether the fill was compacted and the vehicular traffic on the particular avenue involved. In order to lay a proper foundation for such expert's testimony, plaintiff proffered the testimony of the man who had, some nine months prior to the accident, excavated the area and then refilled the excavation prior to its being paved by defendant city. The Trial Judge's decision to exclude such testimony is deemed prejudicial error by appellant and the dissenting Justices. We disagree. Even if this witness could recall the nature and depth of the soil replaced, he could only know the nature of the surfacing if he re-examined it after it had been put down by defendant city. Since there was no suggestion made below that this witness had made

such re-examination or knew whether the fill was compacted before the city placed the surface covering over it, or could supply information concerning the traffic on the avenue subsequent to the. filling and prior to the accident. in issue, we conclude that the trial court correctly excluded such testimony as too speculative. Concur — McGivern, J. P., Markewich and Murphy, JJ., Nunez. and Kupferman, JJ., dissent in the following memorandum by Kupferman, J.: In view of the fact that in this trial on liability only, the plaintiff's complaint was dismissed for failure to prove a prima facie case, we must naturally draw every reasonable inference in the light most favorable to the plaintiff. (*Pollard v. Trivia Bldg. Corp.*, 291 N. Y. 19, 22.) Plaintiff, after attending a party, drove a friend home on his motor scooter. Riding south along. 11th Avenue in Manhattan, they hit a depression in the road between 24th and 25th Streets, and the motor scooter overturned. It was raining at the time. Plaintiff made an offer of proof concerning the proposed testimony of a Mr. Zucker who, under contract with the City of New York, opened the street at the point where the accident occurred, some nine months prior thereto, and then refilled it. The trial court found the proposed evidence inadmissible. An engineer called for the plaintiff, testified that he could not give an opinion concerning the condition of the road at the time of the accident, unless he knew the nature of the soil that had been removed and the conditions under which the soil had been replaced. Inasmuch as there was substantial controversy as to whether the depression was a hole or a ripple, and as to whether there was constructive notice, it was prejudicial error not to permit the testimony of Zucker, even though the opening and refilling took place some nine months before the accident. In fact, it may very well be that the length of time involved could have been significant on the question of constructive notice.