MARY SPENCER ANDROSS, as Administratrix, etc., of RAYBERT SPENCER ANDROSS, Also Known as ROBERT ANDREWS, Deceased, Respondent, v. THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Appellant.— In an action

brought to recover damages for the death of plaintiff's intestate, who fell from defendant's building while engaged in his occupation as a window cleaner, judgment in favor of plaintiff reversed on the law and a new trial granted, with costs to abide the event. The trial court erred in its rulings upon defendant's requests to charge with respect to section 202 of the Labor Law. We construe that portion of the section which prohibits the window cleaner from dispensing with the use of the safety devices " while engaged at cleaning such window " to mean that he has the duty of using such devices until he returns to a place of safety, if it is practicable to do so. Here the defendant had provided anchors to which the decedent's safety belt could have been attached. The evidence permitted the inference that he had disconnected his belt preparatory to re-entering the window prior to his fall. Whether he could have left his belt attached to one of the anchors until he was safely inside the window was, under the circumstances, a question of fact for the jury. The court should, therefore, have granted defendant's request to charge at folio 810, and erred in the instructions given at folios 813–815, wherein the interpretation of the statute was first left to the jury, and the jury were then instructed that the statute imposes no duty except during the actual operation of cleaning the window. There was also error in the main charge with respect to rule 21–12.1 of the Rules of the Board of Standards and Appeals and of the Industrial Code specifying the location of anchors. The extended discussion of the rule contained no reference to the important question of whether the misplacement of the anchors was a proximate cause of the accident; and the subsequent granting of a request to that effect was not effective to supply the omission. It was likewise error to receive in evidence the stone fragments, plaintiff's Exhibit 6, in the absence of any proof tending fairly to indicate the time when they had become detached from the window ledge. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.