■ RICARDO BERRIOS et al., Appellants, v 1115 FIFTH AVE-NUE CORPORATION et al., Respondents and Third-Party Plaintiffs-Respondents. OPAL WINDOW CLEANING COMPANY et al., Third-Party Defendants-Respondents.—Judgment, Supreme Court, New York County (Bruce McM. Wright, J.), entered February 22, 1989, which dismissed the complaint and the third-party complaint following a jury verdict that found plaintiff, Ricardo Berrios, solely liable for his injuries, is unanimously affirmed without costs.

Ricardo Berrios, an employee of Opal Window Cleaning Company, was injured when he fell four stories while cleaning the window in Robert and Lillian Heironimuses' apartment. Plaintiffs sued defendant 1115 Fifth Avenue Corporation (owner) and defendant Douglas-Elliman, Gibbons & Ives (managing agent of the building). Defendants impleaded third-party defendants Opal Window Cleaning Company and the Heironimuses.

The jury found that Ricardo Berrios fell because he was not wearing the safety belt which was provided him, and that he was 100% responsible for his failure to wear the belt. They also found the belt and window anchors to be in good condition.

The main issue raised on appeal is whether, as a matter of law, pursuant to Labor Law § 202, defendants, owner and agent, are liable for Berrios' failure to wear a safety belt.

Section 202 of the Labor Law provides, in pertinent part, that: "The owner, lessee, agent, manager or superintendent of any such public building and every contractor involved shall not require, permit, suffer or allow any window or exterior surface of such building to be cleaned unless such means are provided to enable such work to be done in a safe manner * * *. A person engaged at cleaning windows or exterior surfaces of a public building shall use the safety devices provided for his protection. Every employer and contractor involved shall * * * require his employee, while engaged in cleaning any window or exterior surface of a public building, to use the equipment and safety devices required".

A reading of the statute clearly requires an owner and/or agent of a public building to "provide" safe means to the worker to fulfill his job. *(See, e.g., Pollard v Trivia Bldg. Corp., 291 NY 19, 23-24.)* However, the responsibility to provide safe means does not require that the owner require that such means be utilized. *(See, e.g., Andross v Trustees of Columbia Univ., 260 App Div 941.)* The Legislature did not impose a coextensive responsibility on owners to require and ensure the use of safety devices. If it had intended to make owners and their agents responsible for a window cleaner's failure to use the safety devices provided, it would have so provided. *(See, Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340, 345.)*

We have considered plaintiffs' other contentions and find them to be without merit. Concur—Ross, J. P., Kassal, Ellerin and Rubin, JJ.