Louis Schumer, Respondent, *v.* Harry Caplin, Appellant.

Negligence — Labor Law — trial — charge — evidence — usage — Legislature alone has power to enact a statute — Industrial Commission has power to make rules governing its own affairs only — violation of rule of commission not negligence per se — erroneous charge that omission to install safety devices required by rules of Commission constituted negligence as matter of law — violation simply some evidence of negligence which jury could consider — erroneous admission of evidence of alleged usage and custom.

1. The violation of a statute under certain circumstances may of itself establish negligence. Not so, however, with a rule or ordinance. A legislative declaration that a rule has the force and effect of law does not make it so, if by that is meant that it is the equivalent of or equal to a legislative enactment. The Constitution of the State commits to the Legislature alone the power to enact a statute.

2. Section 20-b of the Labor Law (Cons Laws, ch. 31), supplemented by section 51-a, confers upon the Industrial Commission the power to make rules governing the administration of its own affairs only.

3. It is, therefore, reversible error, in an action by a window cleaner to recover for personal injuries received from a fall while attempting to clean a window in defendant's building, for the trial court, to charge, after reading rules of the Industrial Commission: " It is an undisputed fact that the defendant, whatever his reasons or justification from his point of view for not having them, did not have these safety devices as required by the law I have read. That I say to you as a matter of law constituted negligence on his part." The violation of the rule of the Commission, since it did not have the force of a statute, did not constitute negligence as a matter of law. A correct charge in this respect would have been that the violation of this rule did not establish negligence *per se* but was simply some evidence of negligence which the jury could take into consideration with all the other evidence bearing on that subject.

4. It was also error to admit, against defendant's objection and exception, evidence of an alleged usage and custom of window cleaners, to wash windows from the outside while standing on the sill when

there are no safety appliances. This created a false standard as to the care which plaintiff should have taken for his own safety.
*Schumer* v. *Caplin*, 212 App. Div. 872, reversed.

(Argued October 20, 1925; decided December 1, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 12, 1925, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict.

*Frank W. Holmes* for appellant. Plaintiff was guilty of contributory negligence as matter of law, and the complaint should have been dismissed. (*Green* v. *Pyne*, 289 Fed. Rep. 929; *Haskel* v. *Kurtz Co.*, 181 Iowa, 30; *Brandon* v. *Globe Inv. Co.*, 108 Wash. 360; *Piper* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 224; *Heaney* v. *Long Island R. R. Co.*, 112 N. Y. 122.) The evidence of alleged usage and custom of window cleaners, to wash windows from the outside by standing on the sill, created a false and erroneous standard of care, misled the jury, and constitutes reversible error. (Chamberlayne on Evidence, § 3152; 1 Wigmore on Evidence, 567, § 461; *Maynard* v. *Buck*, 100 Mass. 40; *Grand Trunk R. Co.* v. *Richardson*, 91 U. S. 454; *Shannahan* v. *Empire Engineering Corp.*, 204 N. Y. 543; *Marus* v. *Central R. Co. of N. J.*, 175 App. Div. 783; *Crogham* v. *Hedden Const. Co.*, 147 App. Div. 631; *Kent* v. *Erie R. Co.*, 217 N. Y. 349; *Cline* v. *Northern Central R. Co.*, 181 App. iv. 203; *Swift* v. *Pool*, 172 App. Div. 10; *Borden* v. *N. Y. C. R. R. Co.*, 181 App. Div. 306; *Thompson* v. *Foundation Co.*, 188 App. Div. 506.) It was reversible error for the trial court to charge the jury that defendant's violation of the rule and regulation of the Industrial Board constituted negligence as a matter of law. (*Martin* v. *Herzog*, 228 N. Y. 164; *U. S.* v. *Grinaud*, 220 U. S. 506; *Fluker* v. *Ziegele Brewing Co.*, 201 N. Y. 40; *Knupfle* v. *Knicker-*

*bocker Ice Co.,* 84 N. Y. 488; *McGrath* v. *N. Y. C. &
H. R. R. R. Co.,* 63 N. Y. 522; *Briggs* v. *N. Y. C. &
H. R. R. R. Co.,* 72 N. Y. 26; *McCambley* v. *Staten Island
M. R. R. Co.,* 32 App. Div. 346; *Ursprung* v. *Winter
Garden Co., Inc.,* 183 App. Div. 718.)

*Harold R. Medina, Moses Feltenstein* and *M. N.
Schleider* for respondent. The trial court properly ruled
that the failure of the defendant to provide the safety
devices required by law constituted negligence *per se.*
(*Amberg* v. *Kinley,* 214 N. Y. 531; *Martin* v. *Herzog,*
228 N. Y. 165; *Goetz* v. *Duffy,* 215 N. Y. 53; *Arnold* v.
*National Starch Co.,* 194 N. Y. 42; *McRickard* v. *Flint,*
114 N. Y. 222; *Willy* v. *Mulledy,* 78 N. Y. 310.) The
evidence that professional window cleaners customarily
cleaned windows from the outside by standing on the
sill was properly received both because of its obvious
bearing upon the general question of contributory negli-
gence and also because of the defendant's insistence that
the statute requiring safety devices was inapplicable.
At no time did the trial court rule that the evidence of
custom established any standard of care as matter of
law. (*Perrotta* v. *Richmond Brick Co.,* 123 App. Div. 626.)

MCLAUGHLIN, J. The plaintiff had a verdict for
$75,000 for personal injuries alleged to have been sus-
tained by reason of the defendant's negligence. The
trial court set aside the verdict unless the plaintiff con-
sented to reduce it to $60,000. His consent was given,
and the verdict reduced accordingly. From the judgment
entered thereon, an appeal was taken to the Appellate
Division, where the judgment was reversed unless the
plaintiff stipulated to further reduce it to $40,084.60.
Such stipulation was given and the judgment as thus
reduced was affirmed. Defendant then appealed to this
court.

The plaintiff was a window cleaner of several years'

experience. While attempting to clean a window on the fifth floor of defendant's building, he fell and sustained very serious injuries. The only negligence charged against the defendant, either in the complaint or at the trial, was his failure to equip the window with devices to which a window cleaner's belt might be fastened in accordance with rule 5 of the New York State Industrial Commission. There is very little dispute as to the facts involved in or connected with the accident. They are substantially as follows: The defendant was the owner of a loft building in the city of New York. Each floor was leased separately; each tenant had exclusive control of the floor leased, and provided his own janitor service and cleaned his own windows. Some tenants had their regular employees do the window cleaning and other tenants entered into contracts with others to do that work. The defendant had but one employee in the building. He attended only to the operation of the elevator, the running of the heating plant, and the care of the public halls.

Each of the windows on the fifth floor was divided into two sections, an upper and a lower one. Each section contained two panes of glass, each of which was twenty inches wide and thirty-seven inches high. Most of the windows opened onto fire escapes. The tenant on the fifth floor was the Rosedale Dress Company and it had a contract with the Grand American Window Cleaning Company to clean the windows on this floor at stated times and at a stated price. The plaintiff was, and for a long time had been, in the employ of the window cleaning company, and as such was familiar with the windows on the fifth floor of this building, having cleaned them many times.

On the 11th of July, 1922, the plaintiff, by direction of his employer, went to the floor occupied by the Rosedale Dress Company for the purpose of washing the windows. The plaintiff testified that there was one window on this

floor which he had never washed before. That was the one in the ladies' dressing room. When he had been there before for the purpose of washing windows, there had been women in this room, so he could not get in. On the day in question no women were in the room. He then went in and proceeded to wash the window there. The lower sill of this window was two feet and one-half inch above the floor; the stone and the wooden parts of the sill, taken together, on the outside measured something like nine inches. The stone part was on the outside of the sill and was about four inches in width. The wooden part was on the inside of the sill and was about five inches in width. The wooden part of the sill was something like two inches higher than the stone part. The plaintiff testified that he cleaned the lower half of the window from the inside, then raised it, took hold of the lower sash and went outside on the sill, and was holding onto the bottom of the window with his right hand and endeavoring to lower the top part of the window with his left hand, when all at once the top part came down on his right hand and knocked it out of place; that he grabbed hold of a bar that was there to hold the shutters; that the bar broke with him and he fell four stories.

I am of the opinion that the judgment must be reversed and a new trial ordered for an error in the charge. The court charged that the defendant's violation of the rule of the Industrial Commission concerning safety appliances for window cleaners constituted negligence as a matter of law. Section 20-b of the Labor Law (Cons. Laws, ch. 31) confers upon the Industrial Commission the power to make rules. This section is supplemented by section 51-a of the same law. Subdivision 5 of section 51-a provides that " The rules and regulations of the Commission shall have the force and effect of law and shall be enforced in the same manner as the provisions of this chapter." The court, after reading certain rules of the Industrial Commission, stated to the jury (to which an exception was

taken): "It is an undisputed fact that the defendant, whatever his reasons or justification from his point of view for not having them, did not have these safety devices as required by the law I have read. That I say to you as a matter of law constituted negligence on his part."

This was not a proper construction of the rule. The violation of a statute under certain circumstances may of itself establish negligence. Not so, however, with a rule or ordinance. A legislative declaration that a rule has the force and effect of law does not make it so, if by that is meant that it is the equivalent of or equal to a legislative enactment. The Constitution of the State commits to the Legislature alone the power to enact a statute. It can give to or confer upon a commission, officer, board or municipality the power to make rules and ordinances governing the administration of their respective affairs. (*United States* v. *Grimaud*, 220 U. S. 506.) This is all the Legislature has attempted to do. There are other sections of the Labor Law which clearly indicate that this is the proper construction of the rule referred to by the trial judge. Under sections 52-a and 52-b, any rule adopted by the Commission may be suspended, modified or varied, depending upon conditions. This cannot be done with a statute. A constitutional statute, once passed, cannot be changed or varied according to the whim or caprice of any officer, board or individual. It remains fixed until repealed or amended by the Legislature.

The violation of the rule of the Commission which the learned judge read to the jury, since it did not have the force of a statute, did not constitute negligence as a matter of law. A correct charge in this respect would have been that the violation of this rule did not establish negligence *per se* but was simply some evidence of negligence which the jury could take into consideration with all the other evidence bearing on that subject. This view is settled by a long line of decisions in this court.

Among them are *Fluker* v. *Ziegele Brewing Co.* (201 N. Y. 40); *Knupfle* v. *Knickerbocker Ice Co.* (84 N. Y. 488); *Briggs* v. *N. Y. C. & H. R. R. R. Co.* (72 N. Y. 26); *McGrath* v. *N. Y. C. & H. R. R. R. Co.* (63 N. Y. 522). The charge was necessarily · prejudicial as bearing on defendant's negligence and necessitates a reversal of the judgment.

Personally, I am of the opinion that the court also erred in admitting, against defendant's objection and exception, evidence of alleged usage and custom of window cleaners, to wash windows from the outside by standing on the sill when there are no safety appliances. This created a false standard as to the care which plaintiff should have taken for his own safety. (*Green* v. *Pyne*, 289 Fed. Rep. 929.) The evidence in this respect was to the effect that there existed in the business of window cleaning a custom and usage of washing windows from the outside by standing on the window sill, whether safety appliances were furnished or not. It was at least misleading because it is obvious that the care which one must take, or the prudence of standing on a window sill, depends upon many facts. For example, the width of the sill, its slope, and other features of its dimension and form. The evidence admitted tended to establish a standard of care which excuses a negligent act. It was so understood. Plaintiff's counsel stated: " I am talking of professional window cleaners and the exercise of reasonable care by a professional window cleaner." The court also so understood it, when the evidence was received. It stated: " The window from · which this plaintiff fell comes within the term of this rule in my opinion and the question is not whether it would be possible to wash the window from the inside but what was the ordinary method resorted to by those in that particular line of work. That being my view, the objection is overruled."

Chamberlayne on Evidence (Vol. 4, section 3152)

states the rule applicable to such proof as follows: " Thus in a negligence action, no inference that a certain act was reasonable, or that a certain person acted in a reasonably careful manner, can be drawn from the fact that others in the same business have or have not done such act, or are or are not in the habit of acting in such a manner." (See, also, 1 Wigmore on Evidence [2d ed.], sec. 461, p. 834; McKelvey on Evidence [2d ed.], sec. 106, p. 175; *Maynard* v. *Buck,* 100 Mass. 40; *Grand Trunk R. R. Co.* v. *Richardson,* 91 U. S. 454; *Shannahan* v. *Empire Engineering Corp.,* 204 N. Y. 543, 550.)

My associates, or at least some of them, while agreeing that this was error, do not think it constituted such error as would necessitate a reversal of the judgment, since no exception to the charge, or request to charge, on that subject was presented. It seems to me that the question was presented by a request to charge. Defendant's counsel made the following request: " I ask Your Honor to charge the jury that it is the question of washing the windows in the particular building and not the custom of professional window washers which they are to consider in determining whether or not this rule had any application." This request was refused, and an exception taken.

The judgments appealed from should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

HISCOCK, Ch. J., CRANE and ANDREWS, JJ., concur; LEHMAN, J., concurs in result; CARDOZO and POUND, JJ., dissent.

Judgments reversed.