Viola M. Moriarty, Appellant, v. William E. Moriarty, Respondent.— Order granting ten dollars a week alimony and a counsel fee of $200 affirmed, without costs. Our affirmance of this order is not to be taken by the trial court as any ruling that we regard the amount of temporary alimony as adequate. Permanent support must be based upon the facts adduced upon the trial without regard to the present order. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

Frances Nichols, Respondent, v. Richard A. Corroon, Appellant, and Others, Defendants.— Action to recover damages for personal injuries sustained by plaintiff as the result of a collision between an automobile owned by defendant Seifert, in which she was riding as a guest, and an automobile owned by defendant Corroon. Judgment for plaintiff against defendant Corroon and defendant Lutz, his chauffeur. Judgment unanimously affirmed, with costs. We are of opinion that the amount of the reduced verdict was adequate compensation. The claim of the plaintiff that the trial justice based his view on medical reports made after the trial is unavailing for two reasons: (1) The stipulation authorizing the court to select an expert to make a thorough examination of the plaintiff to aid the court in arriving at a conclusion on the motion to set aside the verdict as excessive, permitted the practice adopted; and (2) in any event this court, under its broad power to reduce a verdict which it deems excessive, may conclude, as we have, that the amount of compensation awarded by the reduced verdict is a proper award of damages, and, therefore, it is of no materiality what the experts selected under the stipulation reported. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

Fanny Niepoth, Respondent, v. Skouras Theatre Corporation, Appellant. — Action to recover damages for injuries sustained by plaintiff in falling down a stairway alleged to have been unlighted. Judgment for plaintiff. Judgment of the County Court of Nassau county reversed on the law and a new trial ordered, costs to appellant to abide the event. The learned trial court erred in charging as requested at folio 351 of the record. (Schumer v. Caplin, 241 N. Y. 346.) Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ., concur.

Walter Niepoth, Respondent, v. Skouras Theatre Corporation, Appellant. — Action by plaintiff to recover for the loss of his wife's services as the result of injuries she received by falling down a stairway alleged to have been unlighted. Judgment for plaintiff. Judgment of the County Court of Nassau county reversed on the law and a new trial ordered, costs to appellant to abide the event, on authority of Niepoth v. Skouras Theatre Corporation (ante, p. 787), decided herewith. Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ,, concur.

Agnes Oughton, Respondent, v. Clifford Loew and J. D. Cronk & Sons, Inc., Doing Business under the Firm Name and Style of the Yellow Cab Company, Appellants.— Action to recover damages for personal injuries sustained by plaintiff as the result of negligence resulting in a collision between a taxicab owned by the corporate defendant and a tank car owned by the individual defendant. The plaintiff was a passenger in the taxicab. Judgment for plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.