INEZ POLLARD, as Administratrix of the Estate of AMY GARVIN, Deceased, Appellant, *v.* TRIVIA BUILDING CORP., Respondent.

Argued June 16, 1943; decided July 20, 1943.

*Jay Leo Rothschild* and *Jacques Isler* for appellant. The rules governing the maintenance and operation of multiple dwellings, are *sui generis*. They are not the same as those affecting commercial buildings, not subject to the Multiple Dwelling Law and, accordingly, whatever may be the rule as to commercial buildings, should have no application to apartment dwellings. (*Altz* v. *Leiberson*, 233 N. Y. 16; *Sticker* v. *Seril Realty Corp.*, 256 N. Y. 687; *Homin* v. *Cleveland & Whitehill Co.*, 281 N. Y. 484; *Gerber* v. *Seaich Realty Co.*, 259 App. Div. 667; *Matthews* v. *Matthews*, 240 N. Y. 28; *Kavanagh* v. *Wilson*, 70 N. Y. 177.) The fact that the landlord put up notices, constitutes no defense with respect to a statute which imposes an absolute obligation on the landlord, who as a matter of public policy may not even " permit " a violation of the statute. (*Osborne* v. *Salvation Army*, 107 F. 2d 929; *Martin* v. *Herzog*, 228 N. Y. 164; *Burris* v. *American Chicle Co.*, 120 F. 2d 218; *Witkowicz* v. *Amalgamated Properties, Inc.*, 264 App. Div. 156.) The Industrial Code provision, applicable at the time of this accident, should be construed so as to create liability on the part of the landlord, if its omissions were such as to prevent — at least, as a jury might find the fact to be — performance of the operation of window-cleaning in the manner contemplated by the law. The scope and operation of the law should not be made to depend on the variable factor as to how an individual may choose, recklessly or otherwise, to perform his task. (*American Historical Society* v. *Glenn*, 248 N. Y. 445; *Archer* v. *Equitable Life Assur. Society*, 218 N. Y. 18; *Bohnhoff* v. *Fischer*, 210 N. Y. 172; *Federal Deposit Ins. Corp.* v. *Tremaine*, 133 F. 2d 827; *Johnson* v. *United States*, 163 F. 30;

*Novitz* v. *Maine,* 273 N. Y. 573.) The rules of the Board of Standards and Appeals should not be so construed that in effect they overrule the provisions of the Labor Law. If so construed they are invalid. (*Schumer* v. *Caplin,* 241 N. Y. 346; *Gerber* v. *Seaich Realty Co.,* 259 App. Div. 671; *Matter of Cherry* v. *Board of Regents,* 289 N. Y. 148.) In any event, there was at least a question of fact as to the circumstances under which plaintiff's decedent was washing the window and, while engaged therein, fell to the ground. (*Witkowicz* v. *Amalgamated Properties, Inc.,* 264 App. Div. 156; *Novitz* v. *Maine,* 273 N. Y. 573; *Hart* v. *Hudson River Bridge Co.,* 80 N. Y. 622; *Warner* v. *N. Y., O. & W. Ry. Co.,* 209 App. Div. 211; *Marus* v. *Central R. R. Co.,* 170 App. Div. 158; *Ingersoll* v. *Liberty Bank,* 278 N. Y. 1; *Allen* v. *Stokes,* 260 App. Div. 600.)

*Daniel A. Novok, Louis Helfenstein* and *Joseph S. Robinson* for respondent. The defendant violated no law, statutory or otherwise. (*Dougherty* v. *Pratt Institute,* 244 N. Y. 111; *Homin* v. *Cleveland & Whitehall Co.,* 281 N. Y. 484; *Lowenhar* v. *Commercial Outfitting Co.,* 260 App. Div. 211; *Teller* v. *Prospect Heights Hospital,* 280 N. Y. 456.) The proof shows clearly that the defendant did not require, suffer, allow or permit the windows in the apartment to be cleaned from the outside. The failure to erect hooks or other safety devices was not the proximate cause of the accident. (*Homin* v. *Cleveland & Whitehall Co.,* 281 N. Y. 484.)

RIPPEY, J. On June 15, 1940, Amy Garvin fell from a window of apartment 5C in an apartment building at 3202–10 19th Avenue, Brooklyn, and received injuries which caused her death. Her administratrix brought this action to recover damages for her death which was caused, it is alleged, by the negligence of the defendant owner of the property in failing to equip the window from which she fell with the safety devices required by section 202 of the Labor Law and by the Industrial Code, to provide required safety appliances for her use and in permitting her to wash the window from the outside without the presence of such safety contrivances for her use.

The affirmance by the Appellate Division was based on two grounds, as appears from the opinion (265 App. Div. 362), (1) that the evidence failed to show that the owner was in charge of the building within the meaning of section 202 of the

Labor Law, and (2) that safety belts for window washers as required by the Industrial Code were not required under the facts here presented. In our opinion, the judgment below can be sustained on neither ground.

The plaintiff's case depends upon stipulations by counsel and the testimony of the superintendent of the building. Since the plaintiff was nonsuited, every reasonable inference that may be drawn from the testimony and stipulations together with such testimony and stipulations must all be considered in aspect most favorable to the plaintiff (*Meiselman* v. *Crown Heights Hospital, Inc.,* 285 N. Y. 389; *African Metals Corp.* v. *Bullowa,* 288 N. Y. 78). In the light of the foregoing rule, it appeared, *prima facie,* that the owner was in charge of the premises from the time the building was opened, about seven months prior to the time of the accident, down to and including the time of the accident and that the proximate cause of the accident was the failure of the owner to provide required safety devices and the permitting of the cleaning of the windows from the outside without the use of such devices.

The building in question consisted of fifty-three apartments and was owned by the defendant corporation. The president of the corporation and its superintendent in charge of the building lived in the building. One of the apartments was leased to a family by the name of Kriegsman. When the building was turned over to the owner all windows were washed by a contractor. Thereafter, the expense of all window washing was maintained by the several tenants. The deceased was accustomed to wash windows generally for those tenants. Her practice, as well as that of others, known and permitted by the superintendent, was to wash the large windows of the apartments from the outside while sitting on the window sill. The decedent was admitted to the several apartments for the purpose of cleaning the windows from time to time, as on the occasion of the accident, by the superintendent or his wife under authority from the owner. While performing that service in the manner indicated on a window of the Kriegsman apartment, decedent fell to her death.

Section 202 of the Labor Law, as it was in force at the time of the accident, provided that " on every public building where the windows are cleaned from the outside, the owner, lessee,

agent, manager or superintendent in charge of such building shall provide, equip and maintain approved safety devices on all windows of such building. The owner, lessee, agent, manager or superintendent in charge of any such public building shall not require, permit, suffer or allow any window in such building to be cleaned from the outside unless means are provided to enable such work to be done in a safe manner in conformity with the requirements of this chapter and the rules of the board of standards and appeals. * * * The board of standards and appeals may make rules supplemental to this section by designating safety devices of an approved type and strength to be installed on public buildings or to be worn by window cleaners or both, but the absence of any such rules shall not relieve any person from the responsibility placed upon him by this section'' (added by L. 1930, ch. 605, and amended). The building on which the accident occurred was a '' public building '' within the meaning of the statute (Labor Law, § 2, subd. 13). The Board of Standards and Appeals had power to provide safeguards for window cleaners supplemental and in addition to the provisions of the statute but had no power to amend or alter express statutory provisions (Cf. *Gerber* v. *Seaich Realty Co.*, 259 App. Div. 667). Such rules made by that Board were in force at the time of the accident (Industrial Code, Labor Law, § 29; Bulletin No. 21, as amd.). Those rules require safety devices for window cleaners, including ladders, scaffolds, boatswains chairs and safety belts and provide that anchors shall be affixed to the window frames or walls to which safety belt terminals shall be attached and detailed provisions are contained therein as to the construction, capacity and quality of the various safety appliances.

It is stipulated that no safety devices of any kind, whether or not specified in the statute or in the Industrial Code, were provided by the owner or by anyone else. The statute was intended broadly for the protection of window cleaners on public buildings; the particular method used, the particular manner in which the cleaning was done, whether such cleaning was done by a professional or by an amateur, or one temporarily or regularly employed for that purpose does not as matter of law affect the responsibility of the person required to furnish such devices; nor does the fact that the Industrial Code specifies a particular device exclude other devices that might in a par-

ticular case be reasonably deemed better adapted for the protection of the window cleaner (*Teller* v. *Prospect Heights Hospital,* 280 N. Y. 456, 459, 460; *Burris* v. *American Chicle Co.,* 33 F. Supp. 104, affd. 120 F. 2d 218).

Since no safety appliances of any kind were furnished and the windows were uniformly cleaned from the outside with the knowledge and consent of the owner, its agents and servants, it became liable for any injuries to a window cleaner which were proximately the result of its failure to provide safety appliances reasonably necessary under the circumstances (*Homin* v. *Cleveland & Whitehill Co.,* 281 N. Y. 484, 487, 488; *Lowenhar* v. *Commercial Outfitting Co.,* 260 App. Div. 211, 213, affd. 285 N. Y. 671). The deceased was seen sitting on the window sill with parts of her body inside and outside of the window, washing the window from the outside, immediately prior to her fall to the surface of the court below. The jury might have drawn the inference that the proximate cause of the accident was the failure of the owner to provide safety appliances for her use mandatorily required by law.

The defendant claims protection against the operation of the statute by the fact that it posted notices in the hallways of the building, warning persons against cleaning windows from the outside. It cannot be held, as matter of law, that a person who is required to provide some protection reasonably sufficient according to the circumstances of the particular case for those who work at the highly hazardous business of window cleaning may flaunt, with impunity, the intent, purpose and mandate of the Legislature to provide protection against hazards and absolve himself from responsibility for accidents which may proximately result from the absence of safety devices by the mere expedient of posting notices advising generally against washing windows from the outside.

Since, on the record before us, liability of defendant depends upon violation of the statute, contributory negligence would be no defense (*Stern* v. *Great Island Corp.,* 250 App. Div. 115; *Osborne* v. *Salvation Army,* 107 F. 2d 929).

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgments reversed, etc.