ETHEL L. JAMISON, as Administratrix of the Estate of MATTHEW JAMISON, Deceased, Respondent-Appellant, v. HENRY F. RAAB, INC., Appellant, and GENERAL ELECTRIC COMPANY, Respondent. HENRY F. RAAB, INC., Third-Party Plaintiff-Appellant, v. AUGUSTUS V. RIEGEL, INC., Third-Party Defendant-Respondent. JOHN A. HARRIS, Respondent-Appellant, v. HENRY F. RAAB, INC., Appellant, and GENERAL ELECTRIC COMPANY, Respondent. HENRY F. RAAB, INC., Third-Party Plaintiff-Appellant, v. AUGUSTUS V. RIEGEL, INC., Third-Party Defendant-Respondent. GENERAL ELECTRIC COMPANY, Third-Party Plaintiff, v. AUGUSTUS V. RIEGEL, INC., Third-Party Defendant.— Cross appeals in a consolidated action for damages for wrongful death of plaintiff Jamison's intestate and for personal injuries sustained by plaintiff Harris. Separate judgments were originally entered, but were subsequently amended pursuant to which amendment a single judgment was entered *nunc pro tunc* as of the respective dates of entry of the original judgments. The amended judgment is in favor of plaintiffs against defendant Henry F. Raab, Inc.; in favor of third-party defendant Augustus V. Riegel, Inc., against third-party plaintiffs Henry F. Raab, Inc., and General Electric Company, and in favor of defendant General Electric Company against plaintiffs. Henry F. Raab, Inc. appeals from the entire amended judgment, and plaintiffs appeal from the respective parts of said judgment which are against them and in favor of said defendant General Electric Company and also from orders respectively denying their motions to set aside the verdict of the jury insofar as it was in favor of said defendant General Electric Company and against them respectively. Amended judgment insofar as it is in favor of plaintiffs against defendant Raab, in favor of third-party defendant Riegel against third-party plaintiff Raab, and in favor of defendant General Electric Company against plaintiffs, affirmed, without costs. While it was error to charge the jury that section 241 of the Labor Law was here applicable, the complete charge was correct and fair. The charge with respect to that section was immaterial error. The rules promulgated under its sixth subdivision have to do with protection by way of bracing and shoring. Subdivision 1 of section 240 of the Labor Law, which was also, and properly, charged, provides for the same thing, namely, " braces " and other protective devices. Pertinent provisions of the Building Code of the City of White Plains, also properly charged, provided for shoring and bracing when necessary. Thus, independently of section 241 and the rules thereunder, the applicability of a similar protective statute and ordinance was presented to the jury. We find that the error did not prejudice a substantial right of the appellant Henry F. Raab, Inc., and that the jury's verdict as rendered is supported by adequate proof. Appeal by Henry F. Raab, Inc., from the amended judgment insofar as it is in favor of defendant General Electric Company against plaintiffs, and in favor of third-party defendant Riegel against third-party plaintiff General Electric Company, dismissed, without costs. (*Nekris* v. *Yellen,* 302 N. Y. 626; *Hilton* v. *Steinman,* 276 App. Div. 1089.) Appeals by plaintiffs from orders dismissed, without costs. The orders are not contained in the printed record on appeal and therefore are not before the court. Wenzel, Acting P. J., Beldock and Murphy, JJ., concur; MacCrate and Schmidt, JJ., dissent and vote to

reverse the judgment and to grant a new trial as to all parties other than General Electric Company, on the ground that on the record herein it cannot be determined that the erroneous charge (that Labor Law, § 241, is applicable herein) was rendered innocuous by the rest of the charge and that it did not affect the verdict. Accordingly, it constituted substantial error. The court further erred in charging the jury that the violation of the rules of the Board of Standards and Appeals, if found to be the proximate cause of the accident, might be considered as negligence. The violation of the rules could be considered only as some evidence of negligence. This error also requires reversal. (*Schumer* v. *Caplin*, 241 N. Y. 346.)