Per Curiam.

Section YY51-3.0 of title YY of the Administrative Code of the City of New York provides that the Rent Stabilization Law of 1969 shall apply to stated Class A multiple dwellings “ not owned as a cooperative or as a condominium ”. Section 2 (subd. [g], par. [6]) of the Code of the Real Estate Industry Stabilization Association of New York City, Inc., which excludes dwelling units located in a building for. which a co-operative or condominium plan had been accepted by the Attorney-General and offered to the tenants prior to the effective date of the Rent Stabilization Law, is inconsistent with section YY51-3.0 of the law and is, accordingly, inoperative (8200 Realty Corp. v. Lindsay, 27 N Y 2d 124, 129-130, 132; Major v. Waverly S Ogden, 7 N Y 2d 332, 336; Schumer v. Caplin, 241 N. Y. 346, 350-351; Tropp v. Knickerbocker Vil., 205 Misc. 200, 211-212, affd. 284 App. Div. 935).
This building was constructed in 1961. Tenant occupied the subject apartment when the Rent Stabilization Law took effect on May 12,1969. The co-operative corporation which owns the building took title on December 30, 1969. The building was privately owned when the Rent Stabilization Law of 1969 took effect. Hence, it is subject to that law.
Petitioner landlord is the agent for Harold Islon who, on December 30, 1969, received proprietary leases to 42 of the 135 apartments in the building, including tenant’s apartment. The petition does not allege, and the record does not show, that the prior owners of the building or the co-operative corporation or Mr. Islon is or was a member of a stabilization *709 association registered with the Housing and Development Administrative. Under section YY51-4.01 of the Administrative Code, absent such membership, an apartment becomes subject to the rent control law (Administrative Code, tit. Y). Where there is membership, an apartment in a building owned by a co-operative is subject to section YY51-6.0 (subd. c, par. [9]) of the Administrative Code and section 61 of the Code of the Real Estate Industry Stabilization Association.
The final judgment should be reversed, with $30 costs, and final judgment directed in favor of tenant dismissing the petition with costs, without prejudice to renew, if landlord is a member of the Rent Stabilization Association or is granted relief under paragraph 12 of the code. Appeal from order dated April 8, 1971 dismissed as moot, without costs.
Concur — Streit, J. P., Lupiano and Markowitz, JJ.
Final judgment reversed, etc.