(April 9, 1998)

■ VICTOR R. CRUZ et al., Respondents-Appellants, v BRIDGE HARBOR HEIGHTS ASSOCIATES et al., Respondents. MANHATTAN SKYLINE MANAGEMENT CORP., Third-Party Plaintiff-Respondent, v MICHAEL HOSZOWSKI, Third-Party Defendant-Appellant-Respondent. [671 NYS2d 72] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered August 21, 1997, which, in an action by a laborer against a building owner and its managing agent and a third-party action by the managing agent against plaintiff's employer, insofar as appealed from,

denied plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) cause of action, and denied third-party defendant-appellant's cross motion to dismiss the complaint, unanimously modified, on the law, to grant plaintiff's motion for summary judgment on the issue of defendants' liability under Labor Law § 240 (1), and otherwise affirmed, without costs.

While cleaning windows of apartments within a newly constructed condominium complex in order to prepare the apartments to be shown for sale, plaintiff fell three stories when, unable to reach the entire outside of one of the windows while standing inside the apartment, he climbed onto a window sill to complete his task and lost his footing. Plaintiff had not been provided with a belt, window anchors or any other safety device. Under similar circumstances, we have held that Labor Law § 202 does not preclude a window washer's cause of action under Labor Law § 240 (1) (*Terry v Young Men's Hebrew Assn.*, 168 AD2d 399, *affd on other grounds* 78 NY2d 978), and we adhere to that precedent. We also reject the contention that the work plaintiff was performing, commissioned by a commercial entity for the commercial enhancement of the premises, constituted only "routine", "household", or "truly domestic" cleaning to which section 240 (1) does not apply (*compare, Brown v Christopher St. Owners Corp.*, 87 NY2d 938, *with Vernum v Zilka*, 241 AD2d 885). Concur—Lerner, P. J., Milonas, Rosenberger, Nardelli and Williams, JJ.