[682 NYS2d 708]

KEITH BAUER, Appellant-Respondent, v FEMALE ACADEMY OF THE SACRED HEART, Appellant and Third-Party Plaintiff-Respondent-Appellant. ENVIRONMENTAL SERVICE SYSTEMS, INC., Third-Party Defendant-Respondent-Appellant.

Third Department, December 30, 1998

APPEARANCES OF COUNSEL

*O'Connell & Aronowitz,* Albany (*Kathleen M. Treasure* of counsel), for appellant-respondent.

*Donohue, Sabo, Varley & Armstrong, P. C.,* Albany (*Gerald D'Amelia* of counsel), for third-party defendant-respondent-appellant.

*Friedman, Hirschen, Miller, Coughlin & Campito, P. C.,* Schenectady (*Michael C. Rizzo* of counsel), for appellant and third-party plaintiff-respondent-appellant.

### OPINION OF THE COURT

CREW III, J.

In October 1992 third-party defendant, Environmental Service Systems, Inc. (hereinafter ESS), contracted with defendant to clean the exterior windows of a commercial building owned by defendant. Plaintiff, an employee of ESS, was in the process of cleaning a third-story window on the building when he fell to the ground sustaining serious physical injuries.

As a consequence, plaintiff commenced this action against defendant alleging common-law negligence and violations of Labor Law §§ 200, 202 and 240. Defendant, in turn, commenced a third-party action against ESS seeking contribution and contractual and common-law indemnification. Following joinder of issue and discovery, ESS moved for partial summary judgment seeking dismissal of plaintiff's Labor Law § 240 cause of action and defendant's cause of action for contractual indemnification. Additionally, defendant moved for summary judgment dismissing plaintiff's complaint and all cross claims against it or, alternatively, for an order granting it common-law indemnification against ESS. Finally, plaintiff cross-moved for summary judgment on his Labor Law § 240 cause of action. Supreme Court denied the various motions and cross motions and these cross appeals ensued.

While none of the parties dispute that Labor Law § 202 is applicable here, defendant and ESS each contend that it is plaintiff's exclusive remedy in this action and that Supreme Court erred in failing to dismiss plaintiff's claim under Labor Law § 240. Plaintiff, on the other hand, contends that even in cases in which Labor Law § 202 clearly is applicable, an injured worker nevertheless may assert a cause of action based upon noncompliance with Labor Law § 240 where the worker was injured while cleaning a window at an elevated height.

Labor Law § 202 provides, in relevant part, as follows: "The owner, lessee, agent and manager of every public building and

every contractor involved shall provide such safe means for the cleaning of the windows and of exterior surfaces of such building as may be required and approved by the board of standards and appeals. The owner, lessee, agent, manager or superintendent * * * shall not require, permit, suffer or allow any window or exterior surface of such building to be cleaned unless such means are provided to enable such work to be done in a safe manner for the prevention of accidents and for the protection of the public and of persons engaged in such work".

Defendant and ESS advance two theories in support of their assertion that Labor Law § 202 is plaintiff's exclusive remedy. First, they argue that to afford plaintiff a remedy under Labor Law § 240 would render the protections afforded by Labor Law § 202 superfluous. Second, they assert that a 1970 amendment to Labor Law § 202 (L 1970, ch 822, § 1) precludes application of any other section of the Labor Law to claims arising out of window cleaning. Such amendment provided, in relevant part, that: "Notwithstanding any other law or regulation, local or general, the provisions of this section and the rules issued thereunder shall be applicable exclusively throughout the state and the commissioner shall have exclusive authority to enforce this section and the rules thereunder" (Labor Law § 202).

ESS asserts that the plain meaning of the "[n]otwithstanding" language of the amendment reflects that Labor Law § 202 should apply exclusively to claims arising out of injuries sustained by window cleaners. That assertion, however, is belied by the legislative commentary accompanying the amendment, which provides that the amendment was enacted to avoid "problems in regard to overlapping jurisdiction between the State and large municipalities on regulation of window cleaning [;] the bill specifically provides for exclusive State jurisdiction to clarify the jurisdictional questions" (Dept of Labor Mem, 1970 McKinney's Session Laws of NY, at 3005). That being said, however, we nonetheless find merit to the contention that providing window cleaners with a remedy under Labor Law § 240 renders the protections afforded by Labor Law § 202 superfluous.

At the time of the original enactment of Labor Law § 202, the only protection afforded window cleaners was pursuant to a rule of the Industrial Board requiring that hooks for safety belts of window cleaners be installed on buildings used as factories or mercantile establishments; a violation of such rule would not impose absolute liability but was only some evidence of negligence (*see, Schumer v Caplin*, 241 NY 346) and,

therefore, was subject to a contributory negligence defense. Indeed, as pointed out in the Industrial Commissioner's memorandum in support of Labor Law § 202, "[i]t is designed to secure for workers engaged in the very hazardous occupation of window cleaning *on all types of structures* * * * the protection that is afforded them at the present time under the Labor Law while working on factory buildings or mercantile establishments" (Indus Commr's Mem in Support, Bill Jacket, L 1930, ch 605, at 3 [emphasis supplied]). Upon enactment of Labor Law § 202, those persons engaged in the occupation of window cleaning became entitled to the protections afforded therein, and a violation of the section imposed absolute liability for which contributory negligence and assumption of risk were no defense (*see, Pollard v Trivia Bldg. Corp.*, 291 NY 19).

In short, with the enactment of Labor Law § 202, window cleaners were afforded absolute liability against owners of all buildings except dwellings while working at elevated heights, the precise protection afforded other enumerated workers under Labor Law § 240. Thus, we agree with defendant that to conclude that the Legislature at the time of the enactment of Labor Law § 202 intended that the protections of Labor Law § 240 also would encompass window cleaners "would have the effect of making Labor Law § [202] * * * virtually useless" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 515). Such an interpretation clearly would be contrary to accepted rules of statutory construction (*see, id.*).*

In reaching this result, we are mindful that the First and Fourth Departments have held that Labor Law § 202 does not preclude a window cleaner's cause of action under Labor Law § 240 (*see, e.g., Cruz v Bridge Harbor Hgts. Assocs.*, 249 AD2d 44; *Ferrari v Niasher Realty*, 175 AD2d 591; *Terry v Young Men's Hebrew Assn.*, 168 AD2d 399, *affd on other grounds* 78 NY2d 978). And, although the Court of Appeals recent decision in *Brown v Christopher St. Owners Corp.* (87 NY2d 938) arguably suggests that "the cleaning of all the windows of a large, nonresidential structure such as a school" might fall within the purview of Labor Law § 240 (*id.*, at 939), no definitive answer

---

* We note that Labor Law § 202 subsequently was amended to extend the protection afforded thereunder to window cleaners working on a building's interior (*see*, L 1942, ch 824). Although such amendment also excepted certain buildings from the protections initially afforded window cleaners under the statute, as those exceptions do not apply to the case before us we decline to determine whether Labor Law § 240 would be applicable in cases where one of the exceptions was triggered.

to the issue now before us has been offered. Thus, until instructed to the contrary, we hold that plaintiff's exclusive remedy here is a cause of action under Labor Law § 202.

With regard to the motions for summary judgment on plaintiff's common-law negligence claim and the alleged violations of Labor Law §§ 200 and 202, we agree with Supreme Court that there are questions of fact precluding such relief. We agree, as well, that Supreme Court properly denied defendant's motion for summary judgment as to its common-law indemnification claim against ESS. To the extent, however, that Supreme Court denied ESS summary judgment dismissing defendant's claim for contractual indemnity, we disagree. Inasmuch as there is nothing in the contract between defendant and ESS regarding indemnification, ESS is entitled to summary judgment dismissing defendant's claim in that regard.

PETERS, J. (dissenting.) As the majority noted, the Court of Appeals has expressly declined to address whether Labor Law § 202 provides the exclusive remedy in cases involving the cleaning of windows (*see, Brown v Christopher St. Owners Corp.*, 87 NY2d 938, 939; *see also, Terry v Young Men's Hebrew Assn.*, 78 NY2d 978, 979). We believe that the factual circumstances presented by a particular case might warrant the application of the protections afforded by Labor Law § 240 (1) where the activity engaged in may not constitute "cleaning" within the meaning of Labor Law § 202 (*see, Vernum v Zilka*, 241 AD2d 885, 886). We would, therefore, affirm the determination rendered by Supreme Court which, following the First and Fourth Departments, concluded that Labor Law § 202 would not preclude a cause of action under Labor Law § 240 (1) (*see, e.g., Cruz v Bridge Harbor Hgts. Assocs.*, 249 AD2d 44, 45; *Ferrari v Niasher Realty*, 175 AD2d 591, 592; *Terry v Young Men's Hebrew Assn.*, 168 AD2d 399, 400, *affd on other grounds* 78 NY2d 978).

MERCURE and CARPINELLO, JJ., concur with CREW III, J.; PETERS, J., and MIKOLL, J. P., dissent in a separate opinion by PETERS, J.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motions of defendant and ESS dismissing plaintiff's Labor Law § 240 cause of action and the motion of ESS for summary judgment dismiss-

ing defendant's claim for contractual indemnification; motions granted to said extent and such claims dismissed; and, as so modified, affirmed.