■ Francisco Ojeda, Respondent, v Peak Janitorial Services, Inc., et al., Appellants. [704 NYS2d 309] —In an action to recover damages for personal injuries, the defendants Peak Janitorial Services, Inc., and Reliable Cleaning Systems, Inc., appeal, and the defendant Marymount College separately appeals, from so much of a judgment of the Supreme Court, Westchester County (DiBlasi, J.), entered November 12, 1998, as, upon an order of the same court (Colabella, J.), dated February 8, 1996, which, *inter alia*, granted the plaintiff's motion for partial summary judgment on the issue of liability against the defendant Marymount College pursuant to Labor Law § 240 (1), and granted the motion of the defendant Marymount College for summary judgment on its claim for indemnification against the defendants Peak Janitorial Services, Inc., and Reliable Cleaning Systems, Inc., and upon a jury verdict on the issue of damages, is in favor of the plaintiff and against the defendant Marymount College in the principal sum of $715,000.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiff was employed by the defendants Peak Janito-

rial Services, Inc., and Reliable Cleaning Systems, Inc. (hereinafter collectively Peak). Peak contracted with the defendant Marymount College (hereinafter Marymount) to clean the windows in certain buildings on Marymount's campus. The plaintiff was cleaning the windows pursuant to the agreement when his safety belt broke, causing him to fall to the ground and sustain serious injuries.

Contrary to the contentions of Peak and Marymount, Labor Law § 240 (1) is applicable to claims by window cleaners who are injured as a result of the elevation-related risks inherent in their work (*see, Williamson v 16 W. 57th St. Co.,* 256 AD2d 507, 509; *see also, Koenig v Patrick Constr. Corp.,* 298 NY 313; *Retamal v Miriam Osborne Mem. Home Assn.,* 256 AD2d 506, 507; *Cruz v Bridge Harbor Hgts. Assocs.,* 249 AD2d 44, 45; *Terry v Young Men's Hebrew Assn.,* 168 AD2d 399, 400, *affd* 78 NY2d 978), and the plaintiff was entitled to summary judgment against Marymount on the issue of liability.

In view of the foregoing, we do not reach the defendants' remaining contentions. Thompson, J. P., S. Miller, Florio and Schmidt, JJ., concur.