(September 8, 2000)

■ KEITH BAUER, Respondent, v FEMALE ACADEMY OF THE SACRED HEART, Defendant and Third-Party Plaintiff-Appellant.

---

3. We note, however, that some appeals are pending and some undertakings have been filed in various cases.

ENVIRONMENTAL SERVICE SYSTEMS, INC., Third-Party Defendant-Appellant. [712 NYS2d 706] —Crew III, J. Appeals from a judgment and an amended judgment of the Supreme Court (Malone, Jr., J.), entered August 4, 1999 and November 16, 1999 in Albany County, upon a verdict rendered in favor of plaintiff.

The underlying facts are set forth in our prior decision in this matter (*see,* 250 AD2d 298). Third-party defendant, Environmental Service Systems, Inc. (hereinafter ESS), contracted with defendant to clean the exterior windows of a building owned by defendant. Plaintiff, an employee of ESS, was in the process of cleaning a third-story window on the building when he fell to the ground sustaining serious physical injuries.

Plaintiff commenced this action against defendant alleging common-law negligence and violations of Labor Law §§ 200, 202 and 240 (1). After defendant commenced a third-party action against ESS seeking contribution and contractual and common-law indemnification, ESS made a motion for partial summary judgment seeking, *inter alia,* dismissal of plaintiff's Labor Law § 240 (1) cause of action. Supreme Court (Graffeo, J.), *inter alia,* denied the motion and this Court modified Supreme Court's order by dismissing plaintiff's Labor Law § 240 (1) cause of action, holding that plaintiff's exclusive remedy was a cause of action under Labor Law § 202 (*see,* 250 AD2d 298, 302, *supra*).

Following our decision, the case proceeded to trial, at which time plaintiff withdrew the causes of action predicated upon common-law negligence and Labor Law § 200, leaving only the Labor Law § 202 claim for consideration by the jury. Supreme Court instructed the jury that, as a matter of law, defendant and ESS were liable to plaintiff because they breached their statutory duty under Labor Law § 202, inasmuch as the safety devices on the exterior of the building did not comply with the rules and regulations established by the Industrial Board of Appeals. Supreme Court further charged the jury that it had only to determine whether such breach constituted a substantial factor in causing plaintiff's injuries. Defendant and ESS took exception to the charge on the basis that, *inter alia,* Labor Law § 202 was not an absolute liability statute and, therefore, comparative fault should apply. Following deliberations, the jury returned a $3,351,933 verdict in favor of plaintiff apportioning liability at 20% for defendant and 80% for ESS. Defendant and ESS now appeal.

Initially, respondent contends, as Supreme Court apparently

concluded, that our previous decision held that a violation of Labor Law § 202, as amended in 1970 (*see*, L 1970, ch 822), imposed absolute liability for which comparative negligence was no defense. Such clearly is not the case. Our holding was that Labor Law § 202 constituted plaintiff's exclusive remedy. Our rationale for that holding was that *upon enactment* of Labor Law § 202, window cleaners were afforded absolute protection and to conclude that Labor Law § 240 also would encompass window cleaners would have the effect of rendering Labor Law § 202 useless. We did not determine, nor was the issue raised by any of the parties, what effect the 1970 amendment to Labor Law § 202 had upon the issue of liability (*see*, 250 AD2d 298, 300-301, *supra*).

On this appeal, defendant and ESS contend that Labor Law § 202, as amended in 1970, is no longer self-executing because it defers to the safety standards set forth in the implementing regulations adopted by the Industrial Board and, as such, any violation of those regulations is merely some evidence of negligence to which comparative negligence applies. We agree. It is now beyond cavil that a violation of a statute that imposes specific safety standards of its own constitutes conclusive evidence of negligence and results in absolute liability (*see*, *Long v Forest-Fehlhaber*, 55 NY2d 154, 160; *Pollard v Trivia Bldg. Corp.*, 291 NY 19). Where, however, a statute provides generally for the safety of workers and vests in an administrative body the authority to determine how such safety mandates will be achieved, a violation of a regulation promulgated pursuant to that statutory mandate merely constitutes some evidence of negligence, and a jury is entitled to consider the plaintiff's comparative negligence (*see*, *Long v Forest-Fehlhaber*, *supra*, at 160; *cf.*, *Lawyer v Rotterdam Ventures*, 204 AD2d 878, 880, *lv dismissed* 84 NY2d 864). Inasmuch as the 1970 amendment to Labor Law § 202 imposes no specific safety standard upon owners and contractors but, rather, contains a broad safety mandate with the responsibility for effectuating that mandate vested in the Industrial Board (*see*, L 1970, ch 822), any violation of the Industrial Board's regulations here only constituted some evidence of negligence. As such, defendant and ESS were entitled to a charge of comparative negligence.

Mercure and Spain, JJ., concur.

Lahtinen, J. (dissenting). We respectfully dissent. In our prior decision (*see*, 250 AD2d 298), this Court acknowledged that Labor Law § 202 was intended to afford the same protections to persons engaged in the occupation of window cleaning as that provided under Labor Law § 240 to enumerated work-

ers who perform specified activities at elevated heights and, accordingly, a Labor Law § 202 cause of action was mutually exclusive of an action brought under Labor Law § 240. Now the majority concludes that a 1970 amendment to Labor Law § 202 (*see*, L 1970, ch 822) extinguished its absolute liability protection for window cleaners and reduced its application to "some evidence of negligence" subject to plaintiff's comparative negligence as occurs in Labor Law § 241 (6) cases (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509).

However, unlike Labor Law § 241 (6), Labor Law § 202 evolved from a strict liability statute (*see, Pollard v Trivia Bldg. Corp.*, 291 NY 19) and, in our view, it has not been demonstrated that the Legislature, by its 1970 amendment, intended to weaken the absolute liability protection afforded therein. There is nothing in the legislative history surrounding passage of the amendment to indicate an intention to abandon the absolute liability protections of the statute (*see*, Bill Jacket, L 1970, ch 822). To the contrary, the Department of Labor memorandum attached to the bill stated that the amendment's purpose was "[t]o strengthen existing safety standards for the cleaning of windows" (Mem of State Dept of Labor, 1970 McKinney's Session Laws of NY, at 3005). In our opinion, neither the 1970 amendment nor any subsequent amendment expressly or unavoidably implied a change in the pre-1970 construction of Labor Law § 202 (*see, Mayblum v Chu*, 67 NY2d 1008). Absent evidence revealing a clear legislative intention to withdraw the absolute liability protection afforded to those engaged in the occupation of window cleaning, we would conclude that comparative negligence is irrelevant to the jury's consideration of liability under Labor Law § 202 and, therefore, decline to disturb its verdict in this case.

Cardona, P. J., concurs. Ordered that the judgment and amended judgment are modified, on the law, and matter remitted to the Supreme Court for a new trial, with respect to this issue of liability in accordance with this Court's decision, with costs to abide the event, and, as so modified, affirmed. [As amended by unpublished order entered Jan. 25, 2001.]