*449 OPINION OF THE COURT
Ciparick, J.
 The two issues to be resolved on this appeal are first, whether an injured window cleaner’s claims under Labor Law § 202 and Labor Law § 240 (1) can coexist, and second, whether a violation of Labor Law § 202, which gives a cause of action to persons injured while cleaning windows and building exteriors, results in strict liability or comparative negligence. We conclude that plaintiff can assert claims under both Labor Law § 202 and Labor Law § 240 (1), and that Labor Law § 202 requires application of comparative negligence principles.
Keith Bauer was a window washer employed by third-party defendant Environmental Service Systems (ESS). In October 1992, defendant Female Academy of the Sacred Heart hired ESS to clean windows, including the third floor exterior windows, of a building located on its campus in Albany. As is sometimes the case with older buildings, the exterior portions of the windows were to be cleaned using the belt-and-anchor method, meaning that a window cleaner wears a safety belt through which an adjustable wire (or lanyard) runs, with hooks on each end. The cleaner typically hooks one end of the lanyard to one of two anchors on each side of a window while standing inside and then steps onto the window ledge, hooking the other end to the second anchor. The cleaner keeps both ends of the lanyard hooked to the anchors while washing the window. When finished, the cleaner normally detaches one hook, steps inside the building and then detaches the second hook.
According to current Industrial Code requirements, anchors must be round, like the openings on the hooks that clip onto them (see, 12 NYCRR 21.13). The parties do not dispute that the anchors outside the third floor of defendant’s building were square. The openings on the hooks used by ESS were round (see, 12 NYCRR 21.11).
On the day of the accident, the ESS foreman assigned plaintiff the job of cleaning the third floor exterior windows. *450 Plaintiff was not experienced with the belt-and-anchor method. After cleaning his first window that day, plaintiff detached the left hook of his lanyard from its anchor. Then, while still standing on the window ledge, plaintiff attempted to detach the right hook, which became stuck on the square anchor. Still standing on the ledge, plaintiff jiggled the hook with the safety clip open and finally pried it free, but lost his balance and fell to the ground three stories below and was severely injured.
Plaintiff commenced this action against defendant and others, alleging violations of Labor Law §§ 200, 202 and 240 (1), and common-law negligence. Defendant then commenced a third-party action against ESS seeking both contractual and common-law contribution and indemnification. After discovery, both defendant and ESS moved to dismiss all of plaintiff’s causes of action except for the Labor Law § 202 claim, arguing that that section was the exclusive statutory remedy available to an injured window cleaner. Plaintiff cross-moved for summary judgment on his Labor Law § 240 (1) claim. Supreme Court denied the motions and the cross motion, holding that plaintiff could allege alternative Labor Law causes of action, along with common-law negligence, but finding questions of fact precluding summary judgment. The Appellate Division modified by granting defendants’ motions for summary judgment dismissing the Labor Law § 240 (1) claim. The court held that the Legislature did not intend actions under section 240 (1) and section 202 to be maintained simultaneously (250 AD2d 298, 301 [1998]). After plaintiff withdrew his Labor Law § 200 and common-law negligence causes of action, the case proceeded to trial on the Labor Law § 202 claim.
At trial, Supreme Court granted plaintiff’s motion for a directed verdict finding that the use of square anchors at defendant’s building constituted a violation of Labor Law § 202 and that, because a violation of Labor Law § 202 resulted in strict liability, the only question left for the jury — other than damages — was whether defendants’ negligence proximately caused plaintiff’s injuries. The jury returned a verdict in plaintiff’s favor and awarded damages, apportioning 80% of the fault to ESS and 20% to defendant.
On defendants’ appeal, the Appellate Division held that, although Labor Law § 202 was originally enacted as a strict liability statute, a 1970 amendment made it a comparative negligence statute by deferring to the safety standards for window cleaners set forth in regulations of the Industrial Board (275 AD2d 809, 811 [2000]). The court sent the case back for *451 another trial on plaintiffs Labor Law § 202 claim, this time with application of comparative negligence principles.
At the second trial, the jury found that, although defendant was negligent, its negligence was not a substantial factor in causing plaintiffs injuries. Plaintiff appealed, bringing up for review the two prior orders of the Appellate Division. We now modify by reinstating plaintiffs Labor Law § 240 (1) claim and remit to Supreme Court on that cause of action only.
I
Addressing plaintiffs Labor Law § 240 (1) cause of action, the Appellate Division held that when section 202 was enacted it offered window cleaners the “precise protection afforded other enumerated workers” under section 240 (1); that allowing claims under both sections would render section 202 “virtually useless”; and hence that the Labor Law § 240 (1) claim required dismissal (250 AD2d at 301). We disagree. The Legislature has not expressed an intention that these statutes be mutually exclusive and we see no need to imply such an intention. Indeed, inclusion of the term “cleaning” in Labor Law § 240 (1) makes that position untenable.
This Court has never prohibited assertion of alternative Labor Law claims. More importantly, the spheres of activity to which Labor Law § 202 and Labor Law § 240 (1) apply reflect their separate histories. We would be ill-advised to hold that— simply because an injured window cleaner’s claim appears cognizable under both Labor Law § 202 and Labor Law § 240 (1)— one cause of action must be chosen to the exclusion of the other.
Labor Law § 202 protects people who clean windows and exterior surfaces of buildings. Among other activities, Labor Law § 240 (1) applies to workers engaged in the “cleaning” of a building. The requirements of Labor Law § 202 apply to owners, lessees, agents and managers while strict liability under Labor Law § 240 (1) flows to owners and contractors only. Labor Law § 202 is inapplicable to multiple dwellings of six stories or less and to nonpublic buildings, while Labor Law § 240 (1) is inapplicable to one- and two-family homes. Moreover, although Labor Law § 240 (1) covers “cleaning,” it does not apply to routine household cleaning (Brown v Christopher St. Owners Corp., 87 NY2d 938 [1996]). Conversely, Labor Law § 202 necessarily involves the periodic cleaning of windows at residences, albeit not at multiple residences less than six stories in height. Labor Law § 240 (1) has no similar requirement.
The inescapable conclusion is that while the statutes will sometimes apply to the same fact patterns, they do not in every *452 case. The sections serve different goals, apply to different defendants and have been interpreted differently. The fact that Labor Law § 202 coverage may often overlap with Labor Law § 240 (1) coverage is not a sound reason to imply exclusivity.
We find unpersuasive defendants’ contention that this cause of action is unavailable since Labor Law § 240 (1) imposes obligations on defendants incompatible with those imposed by Labor Law § 202. To the extent Labor Law § 240 (1) may impose liability upon parties who, under the requirements of the Industrial Code, bear no responsibility for the provision of certain safety devices, that problem can be addressed, in appropriate circumstances, by a third-party action.
Here, plaintiff may pursue his Labor Law § 240 (1) cause of action. Whether he can make a successful case for a violation of Labor Law § 240 (1) has yet to be demonstrated since Supreme Court denied plaintiffs motion for summary judgment. Because plaintiffs strict liability verdict at the first trial was based upon a finding of a violation of the requirements of a different statute — Labor Law § 202 — we cannot let that verdict stand as a substitute for a finding of strict liability under Labor Law § 240 (1). Moreover, the jury finding at the second trial that defendant’s negligence was not a proximate cause of plaintiffs injuries has no estoppel effect upon remittal since the Labor Law § 240 (1) theory of liability involves different statutory duties and possibilities of causation that the previous juries did not consider. Thus the case must be remitted for further proceedings.
II
As to the Labor Law § 202 claim, the Appellate Division was correct in holding that comparative negligence principles must be applied to plaintiffs culpable conduct. As with Labor Law § 241 (6), statutory causes of action predicated upon violations of administrative regulations do not give rise to strict liability (see, Long v Forest-Fehlhaber, 55 NY2d 154 [1982]).
For some time before it was amended in 1970, Labor Law § 202 required that owners, lessees and others responsible for public buildings install and maintain anchors on all windows.[1] This mandate was removed in 1970 and replaced by language *453 that referred exclusively to the requirements of the Board of Standards and Appeals (L 1970, ch 822).* [2] Thus, whereas the absence or inadequacy of anchors may in the past have constituted a direct violation of a specific requirement contained in the statute, after 1970 any particular safety standard required reference to the Industrial Code.
We have held that a violation of a regulation or ordinance is only some evidence of negligence (see, Schumer v Caplin, 241 NY 346, 351 [1925]; Teller v Prospect Hgts. Hosp., 280 NY 456, 460 [1939]; see also, Elliott v City of New York, 95 NY2d 730 [2001]). As we noted in Long, the rule imposing strict liability only when there has been a violation of a statute is “reinforced by the principle, long and firmly established in New York, that the violation of a rule of an administrative agency or of an ordinance of a local government, lacking the force and effect of a substantive legislative enactment, is merely some evidence which the jury may consider on the question of defendant’s negligence” (55 NY2d at 160 [citations and internal quotations omitted]). Thus our cases determining whether a particular rule violation results in a finding of negligence per se or is merely some evidence of negligence are also relevant to determining when such violations result in strict liability versus comparative negligence.
In Schumer v Caplin (241 NY 346 [1925]), a case that predated Labor Law § 202, plaintiff window cleaner sought to hold defendant property owner liable for the absence of anchors as required by the Industrial Code. We observed that the “violation of a statute under certain circumstances may of itself establish negligence. Not so, however, with a rule or ordinance.” (241 NY at 351.) Likewise, in Teller v Prospect Hgts. Hosp. (280 NY 456 [1939]), a ease involving a version of Labor Law § 202 quite similar to the current statute,[3] plaintiff window cleaner sought to establish defendant’s negligence through an alleged violation of the statute. We rejected the argument, *454 holding that the absence of anchors violated the requirements of the Industrial Code, to which the statute referred, not the statute itself which contained no mention of anchors.
“The statute does not in terms provide that anchors shall be attached to the windows of the building nor does it provide any particular device or contrivance that shall be provided to make it safe for the window washer to clean the window from the outside. We are required to look to the Industrial Code * * * to learn what rules of the Industrial Board are applicable, what means have been required by the rules of the Industrial Board to be furnished and what devices have been or may be approved for the safety of the person cleaning windows. * * *
“Violation of a rule of the Industrial Board, however, constitutes merely some evidence which the jury may consider on the question of defendant’s negligence, along with other evidence in the case which bears on that subject” (Teller, 280 NY at 459-461 [citations omitted]).
That distinction is material. As we explained in Schumer:
“The Constitution of the State commits to the Legislature alone the power to enact a statute. It can give to or confer upon a commission, officer, board or municipality the power to make rules and ordinances governing the administration of their respective affairs. * * * Under [Labor Law] sections 52-a and 52-b, any rule adopted by the Commission may be suspended, modified or varied, depending upon conditions. This cannot be done with a statute. A constitutional statute, once passed, cannot be changed or varied according to the whim or caprice of any officer, board or individual. It remains fixed until repealed or amended by the Legislature” (Schumer, 241 NY at 351).
Thus, under the prior, 1942, version of Labor Law § 202, strict liability could result from the absence or inadequacy of anchors because that was an explicit requirement of the *455 statute. In addition, to the extent that the 1937 version of section 202 required that approved safety devices be supplied and maintained, and that no window cleaning be done unless means were provided to do such work safely, proof that no safety devices at all were provided could form the basis for strict liability (as well as a finding of negligence per se). That is so because — unlike the current version of the statute — the absence of any safety devices was a violation of the statute itself (see, Teller, 280 NY at 460; Pollard v Trivia Bldg. Corp., 291 NY 19 [1943]).
Contrary to plaintiffs assertion, Koenig v Patrick Constr. Corp. (298 NY 313, 318 [1948]) did not hold that Labor Law § 202 was a strict liability statute.[4] There, a violation of the statute was established by the total absence of devices, not the absence or inadequacy of a device described only in the Industrial Code.
Thus, we agree with the Appellate Division that Labor Law § 202 is a comparative negligence, not a strict liability, statute. This cause of action having been properly tried to conclusion under principles of comparative negligence at the second trial need not be tried again.
Accordingly, the judgment appealed from and orders of the Appellate Division brought up for review should be modified, without costs, by reinstating the Labor Law § 240 (1) cause of action only and remitting to Supreme Court for further proceedings as to that cause of action and, as so modified, affirmed.
Chief Judge Kaye and Judges Smith, Levine, Wesley and Rosenblatt concur; Judge Gkaffeo taking no part.
Judgment appealed from and orders of the Appellate Division brought up for review modified, etc.

. Labor Law § 202 formerly stated that the “owner, lessee, agent and manager of every public building where the windows are cleaned from the outside shall install and maintain anchors on all windows of such building or provide other safe means for the cleaning of the windows of such building as *453 may be required and approved by the board of standards and appeals” (L 1955, ch 379).

. Labor Law § 202 currently states that the “owner, lessee, agent and manager of every public building and every contractor involved shall provide such safe means for the cleaning of the windows and of exterior surfaces of such building as may be required and approved by the board of standards and appeals” (L 1970, ch 822).

. That version of Labor Law § 202 required owners and others to “provide, equip and maintain approved safety devices on all windows [and] * * * shall not require, permit, suffer or allow any window in such building to be cleaned from the outside unless means are provided to enable such *454 work to be done in a safe manner in conformity with the requirements of this chapter and the rules of the industrial board” (L 1937, ch 84, § 2).

. In making the observation that contributory negligence would not be a defense to a Labor Law § 202 cause of action, Koenig cited to Pollard v Trivia Bldg. Corp. (291 NY 19 [1943]). In Pollard, however, all parties “stipulated that no safety devices of any kind, whether or not specified in the statute or in the Industrial Code, were provided by the owner or by anyone else” (291 NY at 23 [emphasis added]).